MARION HOUSTON v. JOHN J. SNEED.

Where adjoining proprietors not being able to find the true division line between them, agree verbally upon a certain line, it seems that subsequent purchasers without notice would be bound by such agreement.

As between adjoining proprietors possession by one up to a certain line, by improvements, is notice to a purchaser from the other, of the extent of the claim of the former, and of any verbal agreement of previous owners by which such line was made the division line.

A possessor in good faith is one who not only supposes himself to be the true owner of the land, but who is ignorant that his title is contested by any person claiming a better right; and it was intimated in Sartain v. Hamilton, (12 Tex. R. 219,) that the rule ought, in a proper case, to be extended further in support of the right to recover compensation for improvements made in good faith.

Error from Travis.

*Haralson, Flournoy & Robards,* for plaintiff in error.

*Turner & Sneed,* for defendant in error.

LIPSCOMB, J. This suit grew out of the difficulty of ascer-

taining the division line between the lands once owned by Mc-Kinney and Horton. The line of partition of the lands of those persons had been run, and the plaintiff claimed title under Horton, and the defendant from McKinney; both claimed to this division line, and their title claimed it as the boundary between them. The evidence shows that there is great difficulty in establishing this line. After many surveys had been made, and more than one by the County Surveyor, who surveyed under an order of Court in this case, he swears that he is not certain that he found the line, and believes he did not. It is in evidence that Franks who was the purchaser under McKinney, and who is the vendor of Houston, commenced the improvements now occupied by Houston, and was informed by Friend who then owned the land, now owned by the plaintiff Sneed, "that he was over the division "line, and on the land of him, Friend, that he would not pay "him for the improvements, but that it was of little conse- "quence to him, however, as he was about to sell out, but that "Franks did not know into whose hands he might fall;" that Friend sold out to Miller; that Franks suspended his improvement, when very little had been done, on receiving the notice given to him by Friend, that Miller and Franks after several unsuccessful efforts to find the division line, mutually agreed upon and adopted a line between them, planting a stake to designate it. This line would leave the improvements on the land of the defendant Houston. At the time when this agreed line was made, Miller was the owner of the land on the Horton side of the division line; had paid for it and held a bond for title; neither Miller nor Friend had ever received deeds for it. Sneed, the purchaser from Miller, received a deed from Raymond and Swisher, who held by deed from Horton.

In the investigation of this case some days ago, we were of opinion that as there was no record evidence of the agreement between Miller and Franks, and no notice proven to Sneed, when he became the purchaser from Miller, he could not be af-

fected by it, and that his right and title called for the true line of division that had been run between McKinney and Horton, and that if Franks and his vendee Houston trespassed over that line, it was at their peril and gave them no right to compensation for such improvements, and we delivered an opinion upon that basis. A reconsideration having been asked, we have examined those questions more critically, and have come to the conclusion that the basis upon which we rested our opinion cannot be sustained. We are satisfied that the verbal agreement between Miller and Franks was not a contract for the sale of lands, and is not repugnant to the Statute of Frauds of this State, (Hart. Dig. Art. 1454,) but valid and binding upon the parties. Neither of the parties believed that they were buying or selling land; it was a compromise by which both parties believed they were getting their own land and no more; and it seems to be more clearly a case not affected by the Statute than a contract to purchase lands on joint account, which we held in James v. Fulcrod, (5 Tex. R. 512,) not to be within the Statute. If, however, it should be doubted, (of which, however, we have none,) whether it was not within the Statute, this agreement could not be void, because it was executed; as the evidence shows that after it was made, the improvements that had been suspended, were immediately resumed and extended to the line so agreed upon by Miller and Franks.

In our former examination of this case, we attached much consequence to the want of direct notice to Sneed, of the verbal arrangement between Miller and Franks, there being no record evidence of that agreement, and the title from Raymond and Swisher to Sneed calling for the division line between Horton and McKinney. On a more critical examination of the facts, we are satisfied that Sneed cannot be regarded as an innocent purchaser without notice. The fact of Houston, who was the vendee of Franks, being in actual possession, and his improvements extending to the line agreed upon between Miller and Franks, when Sneed purchased from Miller, was con-

structive notice, and should have put him on his guard as to the extent of Miller's claim of title ; and he could not have believed that he was purchasing the land upon which the improvements had been made. Had there been no settlement up to this agreed line, and no notice to him of it, he might have insisted upon the line originally established and run between Horton and McKinney, called for by his deed. We therefore believe that he was concluded by the line so agreed upon by Miller and Franks.

But if we had not so concluded as to the extent of the title of Sneed, and we had believed that he was entitled to recover to the line run between McKinney and Horton, still another important question would remain to be decided : Was the defendant Houston in possession of the land in controversy under such circumstances as would entitle him to compensation for improvements made in good faith ? Good faith is defined by Asso and Manuel to consist in the possessor's believing that the person from whom he received the thing had a right to alien or transfer it. (1 White, Recop. 92.) Mr. Sedgewick in his treatise on the measure of damages (p. 126, 2nd Vol.) defines a *bona fide* possessor " to be one who not only supposes himself to be the true " owner of the land, but who is ignorant that his title is con- " tested by any person claiming a better right." This definition was sanctioned by this Court in the case of Sartain v. Hamilton, (12 Tex. R. 219,) and it was intimated that perhaps the rule ought, in a proper case, to be extended further in support of the right to recover compensation for improvements made in good faith. The rules laid down in Asso and Manuel, and by Mr. Sedgewick, go far enough for this case ; because it is clear from the evidence, that Franks and Houston, after the agreement with Miller, believed that their title was good, and knew of no one claiming adversely by a better title, and according to the rules laid down, if ejected from the land by superior title, were entitled to compensation for permanent improvements made in good faith.

The result is that the judgment entered on a previous day

of this Term, must be set aside, and a judgment be entered reversing the judgment of the Court below, and remanding the case for a new trial.

Reversed and remanded.