### B. D. MURRELL v. A. MANDELBAUM.

### No. 7319.

1. **Land Owned by Partnership.**—Whether land belonging to a firm is to be considered as part of the partnership stock will depend on the intention of the partners, to be ascertained by their acts or agreements, either express or implied. It may be made partnership stock by the parol agreement of the partners.

2. **Same—Partnership Effects.**—When real estate is a part of the partnership effects it is to be treated in equity as a part of the partnership funds. And whatever may be the form of the conveyance to the firm, it will be held subject to all the equitable rights and liens of the partners which would apply to it if it were personal estate.

3. **Same—Partition of Assets.**—The trial court found that the firm assets had been about equally divided between two partners upon a settlement between them, one taking his share in money, the other taking property, of which the land in controversy was part. *Held,* that the land belonged to the party to whom it was allotted in the parol division of assets. He also assumed the payment of firm debts, and paid them, and rendered the land for taxes thereafter, and no adverse claim was asserted for over twenty years.

4. **Partition of Land by Executed Parol Contract.**—Upon the theory that the two partners owned the land as tenants in common, a parol partition would have been recognized. Such partition is not within the statute of frauds.

5. **Purchasers with Notice, etc.**—It appearing by the evidence that the defendant's grantors, who bought of the partner, had knowledge of the claim by the plaintiff of the entire tract from the partner to whom it had been allotted in the partition, and it not appearing that defendant had paid the purchase money, he can not be considered a bona fide purchaser.

APPEAL from Limestone. Tried below before Hon. RUFUS HARDY.

*L. J. Farrar,* for appellant.—1. The court erred in its conclusions of law, and more particularly did the court err in its first conclusion of law,

in holding an alleged verbal transfer of the land in controversy by Brash to Simon valid and binding in law. Pasch. Dig., art. 3875; James v. Fulcrod, 5 Texas, 516; Mead v. Randolph, 8 Texas, 198; Watkins v. Gilkerson, 10 Texas, 343; Brown Stat. Frauds, 261, 263; Story on Part., secs. 94 (and note), 117.

2. The court erred in holding that an alleged rule of commercial law abrogates the statutes of frauds. Pasch. Dig., art. 3875; Story on Part., sec. 82.

3. The court erred in holding that a secret equity of twenty-five years standing could destroy a legal title in the hands of a bona fide purchaser for value without notice, and in defiance of the registration laws. Pasch. Dig., arts. 4983, 4988; Richardson v. Levi, 67 Texas, 359; Hill v. Moore, 62 Texas, 610; Mast v. Tibbles, 60 Texas, 301; Word v. Box, 66 Texas, 596; Eylar v. Eylar, 60 Texas, 315; Holmes v. Buckner, 67 Texas, 108; Lodge v. Simonton, 23 Am. Dec., 36, and note.

4. The court erred in finding from all the evidence in this case that the land in controversy was the partnership property of Simon & Brash, or that it was used for partnership purposes, said conclusion being an error both of fact and law. Alkire v. Kahle, 123 Ill., 496; McCormick's appeal, 98 Am. Dec., 191; Thompson v. Bowman, 6 Wall., 317; Pars. on Part., 372, 364, 365; Coll. on Part., sec. 135, and notes.

*Croft & Croft* and *J. M. Blanding*, for appellee.—1. Where parties engage in business of any kind for years, and buy real and personal property in their firm name, and treat it all as partnership property, it is fair to presume it was bought with partnership funds and for partnership purposes. Baldwin v. Richardson, 33 Texas, 16, 27, 28; Arnold v. Wainwright, 80 Am. Dec., 448.

2. Partners may by agreement make that separate property which before belonged to the firm, and such an agreement may be implied from an acquiescence by the firm in such use of partnership property by one of the members as would withdraw his interest in it from the common burden. Swearingen & Garrett v. Bassett, 65 Texas, 267; White v. Parish, 20 Texas, 688; Kendall v. Hackworth, 66 Texas, 499; Upson v. Arnold, 63 Am. Dec., 302; Lind. on Part., sec. 9, pp. 654, 668; Arnold v. Wainwright, 80 Am. Dec., 448.

3. Whatever is sufficient to direct the attention of a purchaser to the prior rights and equities of third persons, and to enable him to ascertain their nature by inquiry, will operate as notice. Martel v. Somers, 26 Texas, 560; Powell v. Haley, 28 Texas, 57; Hancock v. Lumber Co., 65 Texas, 225; Brotherton v. Weathersby, 73 Texas, 471; Edwards v. Barwise, 69 Texas, 84; Allday v. Whitaker, 66 Texas, 669; 1 Story's Eq., secs. 400, 401.

4. In equity, land belonging to partnership is treated as mere person-

alty, and is governed by the same rules applicable to that species of property. Arnold v. Wainwright, 80 Am. Dec., 448; Roberts v. McCarty, 68 Am. Dec., 604; Andrews v. Brown, 56 Ga., 252; Lang v. Warring, 60 Ga., 533; Baldwin v. Richardson, 33 Texas, 28; Lind. on Part., secs. 664, 668.

HOBBY, PRESIDING JUDGE, *Section A.*—This suit was brought by A. Mandelbaum on the 4th day of March, 1889, against B. Murrell, to recover the land described in the petition as a tract of 205 acres out of the Joshua Graham league and labor survey.

The defendant disclaims as to one-half of the 205 acres, and defends as to the remaining half, and alleges that he and plaintiff are tenants in common as to the entire tract, and prays for partition, etc.

The cause was tried by the court without a jury, and the presiding judge filed his conclusions of fact and law, and rendered judgment for plaintiff. The defendant Murrell appeals.

James A. Graham is the common source of title. He conveyed the land in dispute, 205 acres, to Simon & Brash on May 18, 1862. Simon & Brash was a mercantile firm, engaged in business in Springfield, Limestone County, Texas. The firm had been so engaged from 1856 to 1860, when it was dissolved by mutual consent. According to the testimony of Simon, the property or assets of the firm were divided between them. It consisted of the land in controversy, a house and lot in Springfield, a land certificate, some horses, sheep, and cattle, and about $8000. Brash, so testified Simon, desired to leave the country, and it was agreed that he should take the money, $8000, and Simon was to take, and did take, the balance of the firm property as his own, and agreed to pay, and did pay, the firm debts, amounting to $700 or $800. Brash left the country in 1864, and never returned. No deed or conveyance in writing was executed by him to Simon.

Plaintiff then introduced in evidence deed from B. Simon, who was a member of said firm, to A. L. Steele, dated April 5, 1872, filed for record April 18, 1872, conveying all of said land to Steele.

Deed from said Steele to Henry Simon to this land, dated January 5, 1874, recorded January 15, 1874. Deed from Henry Simon to plaintiff Mandelbaum, dated March 3, 1880, conveying this land. Deed from other heirs of B. Simon, dated May 17, 1888, conveying their interest in the land to plaintiff. The foregoing deeds recite that the land was conveyed on May 18, 1862, to Simon & Brash.

Defendant introduced power of attorney and deed from Louis Brash (one of the firm of Simon & Brash) to W. C. Day and John G. Kirksey, dated April 19, 1888, recorded May 7, 1888. This conveyance authorizes them to take possession of and sell, etc., one-half of said 205 acres of·

land, and conveying to them, in consideration of certain services, etc., one-half of one-half of said 205 acres.

Deed from said Brash to his remaining interest in the land, and other lands, for a consideration of $750, dated June 6, 1888, recorded in Limestone County, June 19, 1888.

Deed from Day & Kirksey to defendant B. D. Murrell, conveying one-half of the 205 acres in dispute, dated November 2, 1888.

Brash testified at great length about the dissolution of the partnership and the circumstances under which he left Springfield in 1864. He denied that the property of the partnership was divided, as stated by Simon. He said, the money (about $5000) was equally divided, and the balance of the property, including this land, remained there as the property of Simon & Brash. The assets of the firm consisted of about ten bales of cotton, some merchandise, 152 head of horses, 400 head of sheep, some other personal property, besides $5000 in money and the real estate. All, except the money, remained in the possession of Simon when he left, in 1864, and one-half of it was his (Brash's). No agreement was made concerning the property. He testified to having paid the firm debts in New York of $700 or $800.

The defendant proved, that in May, 1888, the attorney or agent of plaintiff came to Limestone County, and proposed to sell plaintiff's interest or buy Brash's title. That he claimed only one-half of the land as plaintiff's. At that time Day & Kirksey held Brash's power of attorney to one-half interest only of Brash. Their purchase of said Brash's remaining interest (one-fourth) in the 205 acres was in June, 1888. Had no notice of plaintiff's claiming any more when they purchased, in June, 1888.

They examined county records March 14, 1888, and found deed from Graham to Simon & Brash, B. Simon to Steele, Steele to H. Simon, H. Simon to plaintiff. These last named deeds conveyed the entire tract, together with other lands, etc. This land was then unoccupied. Brash gave them a power of attorney, and authorized them to recover the land, etc.

Day & Kirksey, on March 9, 1888, saw B. Simon and his son Henry Simon, who refused to discuss the matter. B. Simon stated that he had sold all of the land, as he had a right to do.

Day & Kirksey purchased Brash's one-half interest for $750. They conveyed to appellant, B. D. Murrell, who was in possession when this suit was brought. But it does not appear that he paid anything for it.

Barry, appellee's agent, testified, that when he went to Limestone County to look after appellee's land, he told Day & Kirksey that Mandelbaum claimed all of the 205 acres.

The court found that the land, with other property belonging to the firm of Simon & Brash, and constituting the entire assets of the partner-

ship, was divided between them on the dissolution of the firm in 1864; Brash, according to the agreement then entered into by them, taking the money, and Simon taking all of the remaining property, including that in controversy, and assuming the payment of the firm's debts. This agreement was verbal. But under it Brash received the $8000 and left the State, and Simon sold some of the property and paid the debts, amounting to $700. He remained in control of the assets of the firm, and paid taxes on the land until he sold it. That Brash for twenty-five years made no claim, and in 1888, for value, conveyed his interest to Day & Kirksey. Before their purchase they knew from the records that plaintiff claimed the whole tract under Simon. They sold to defendant Murrell, but there is no proof of the payment of a valuable consideration by him.

Upon these facts the conclusions of law found by the court were, that the verbal agreement or division of the property between Simon and Brash, to the effect that the latter would take the money of the partnership and the former the balance of the property, was valid, the land being in equity treated as mere personalty upon settlement between partners, and that it therefore became the separate property of Simon.

The court found, also, that if such agreement was not valid, still the interest in the partnership land would not be an undivided one-half, but one-half of the balance, according to value, after settlement between the partners, each accounting for all money and advances received by him; and that the partner receiving as much or more than his pro rata of the assets of the firm in money or otherwise, would not be entitled to any of the balance of the assets; and as Brash received $8000 in gold, which was equal in value to the balance of the property, Simon was in equity entitled to the latter.

Judgment was therefore rendered for plaintiff.

The important questions in the case are:

First. Whether the land in controversy was partnership property of the firm of Simon & Brash, with the legal incidents resulting therefrom, or did they hold it as tenants in common.

Second. Whether a parol conveyance of one partner's interest in the land is valid when made to the other partner in the settlement of the partnership affairs and the division of all the assets of the firm upon the dissolution of the partnership by mutual consent.

There is sufficient evidence, we think, to support the court's finding of fact that this land was the partnership property of the firm of Simon & Brash.

"Whether land belonging to the firm, or conveyed to the firm, is to be considered as part of the partnership stock," it is said, "will depend on the intention of the partners, to be ascertained from the acts or agreements, either express or implied."

It may be made to be a part of the partnership stock by parol agreement of the partners.   Arnold v. Wainwright, 80 Am. Dec., 450.   The land was acquired during the existence of the partnership, and in the firm name.   This alone, however, it has been held, is not sufficient to establish the fact.   Alkire v. Kahle, 123 Ill., 499.

The testimony of Simon and that of Brash shows that it was regarded by them as a part of the partnership stock.   As assets of the firm, it was divided between them.   In the case cited and relied on by appellant, it is said in the opinion:   *   *   *   "There was no evidence that the land was appropriated to any purposes of the partnership.   *   *   *   All that appears in this respect, aside from the description in the deed, is that Abbott and Robinson, in giving their testimony herein, some five years after the dissolution of the partnership, in enumerating the assets, etc., class this land among them."

In addition to this evidence in the case before us, the testimony of Simon and Brash shows, that they treated this land as stock of the partnership; and it was appropriated by them in the division to partnership purposes when it was allotted, with other property of the firm, to Simon to pay and discharge partnership debts.

"Each partner is entitled to regard the whole estate as held for his indemnity as against the joint debts, and as security for the ultimate balance which may be due him for his own share of the partnership effects." Arnold v. Wainwright, 80 Am. Dec., 450.

"When real estate is a part of the partnership effects, it is to be treated in equity to all intents and purposes as a part of the partnership funds. And whatever may be the form of the conveyance, it will be held subject to all the equitable rights and liens of the partners which would apply to it if it were personal estate."   Id.

And this is the rule, although the legal title may, by the death of the party holding it, be cast by descent on his heirs at law.

The court found, that the partnership property had been about equally divided between them.   That Simon assumed the payment of, and did pay, the firm debts.   That he paid the taxes on the property he received in the partition, and on this land up to its sale, from 1864.   The equitable title to the land was in him.

If Brash had brought suit against Simon to recover this land, under the facts of this case, there is no principle of equity that would have entitled him to recover it.

Upon the theory that Simon & Brash owned the land as tenants in common, a parol partition of the land would have been recognized as valid. It has been repeatedly decided in this State, that such partition between tenants in common is not within the statute of frauds.

In such a partition, Brash's transfer or conveyance of the interest allotted to Simon would have been by parol.   So, too, in the present case,

his conveyance of his interest is by parol. The fact that the land itself was not partitioned, and that all of Brash's interest was conveyed to Simon, only made the interest conveyed by Brash greater than it would have been had there been a parol division of the land between them. There would be no difference in principle between a parol partition of the land between them and a parol conveyance by Brash of his interest to Simon, under the facts in this case.

Day & Kirksey were informed by Barry, who came to see them about the land in May, 1888, that Mandelbaum claimed the whole tract. He was acting as appellee's agent. Day & Kirksey had then only a power of attorney authorizing them to recover said land, dated in April, 1888. In May, 1888, they saw B. Simon, who told them he had a right to sell the whole tract. The deed from Brash to Day & Kirksey is dated June 6, 1888. They paid $750 to Brash. The defendant, Murrell, is not shown to have paid any valuable consideration for the land. Neither the appellant nor his vendors are shown to be purchasers for value without notice of the equitable rights of Simon, established by the evidence in this case.

We think the judgment should be affirmed.

*Affirmed.*

Adopted May 24, 1892.