HAVARD v. CARTER–KELLEY LUMBER CO. (No. 8.)[*]

(Court of Civil Appeals of Texas. Beaumont. Nov. 25, 1915. Rehearing Denied Jan. 6, 1916.)

1. PARTITION &#x6199;5—PAROL PARTITIONS—VALIDITY.

A verbal partition of land followed by delivery of possession is valid.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 13–17; Dec. Dig. &#x6199;5.]

2. INFANTS &#x6199;58 — CONTRACTS — DISAFFIRMANCE.

Where an infant who was entitled to share in lands was a party to a verbal partition, he must, if desirous of disaffirming, disaffirm within a reasonable time after reaching his majority; a reasonable time being such a time as a person of ordinary prudence and diligence would under similar circumstances require to disaffirm the contract.

[Ed. Note.—For other cases, see Infants, Cent. Dig. §§ 149–160; Dec. Dig. &#x6199;58.]

3. COSTS &#x6199;68 — AWARD — DISCRETION OF COURT.

Under Rev. St. 1895, arts. 1425, 1438, declaring that the prevailing party shall be entitled to all costs, and authorizing the court on good cause to adjudge costs otherwise, it is not an abuse of discretion where plaintiff, who sought recovery of the value of ½ of the timber cut from a parcel of land, recovered only $1/22$ of ½ of the value of the timber, to award $21/22$ of costs in favor of the defendant.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 287–289; Dec. Dig. &#x6199;68.]

Appeal from District Court, Angelina County; Ras Young, Special Judge.

Action by S. W. Havard against the Carter-Kelley Lumber Company. From a judgment denying part of the relief sought, plaintiff appeals. Affirmed.

W. J. Townsend, Jr., of Jacksonville, for appellant. Mantooth & Collins, of Lufkin, for appellee.

BROOKE, J. This is a suit by the appellant against the appellee for the market value of the pine timber alleged by the appellant to have been converted by appellee to its own use and benefit, and involved the title to onehalf of the value of the timber removed from the homestead tract of W. F. Havard, now deceased, and his wife, Frances Havard, on the Jas. Warren survey, situated in Angelina county, Tex. W. F. Havard, now deceased, and his wife, Frances Havard, formerly owned all the property sued for, as their community estate, and the land upon which the timber was cut and removed was the homestead of said W. F. Havard and wife, Frances Havard. That said W. F. Havard died in 1894 or 1895, leaving surviving him his wife, Frances Havard, and the following children: W. F. Havard; J. F. Havard; P. T. Havard; A. G. Havard, who afterwards married Sam Horton; L. C. Havard; J. L. Havard; C. J. Havard; B. W. Havard; Mary Havard, who afterwards married C. C. Barnes; Annie Havard, who died before her father; S. W. Havard; and Caroline Havard, a feme sole, and an idiot from birth, who died since the institution of this suit.

W. F. and Frances Havard were the common source of title. Appellant deraigns his title by inheritance from his deceased father, and from purchase from his mother and the remaining heirs of said W. F. Havard, deceased. The appellee deraigns its title from a purchase from Frances Havard only, the wife of said W. F. Havard, deceased; she attempting to convey the whole of said timber situated upon the homestead tract of land.

The appellant, by inheritance and purchase aforesaid, claimed an undivided one-half interest in said timber, and the appellee claimed the whole of said timber upon said homestead tract by purchase from said Frances Havard, the widow of said W. F. Havard, deceased, alleging that she was the sole owner of said land at the time of said sale of said timber by her, by virtue of a parol partition entered into by and between the surviving widow, Frances Havard, and her children, except Caroline Havard, the idiot, whereby the widow was to take the home-

stead tract of land, and the children, except Caroline Havard, were to take the remaining community land. The appellee assumed this position upon the trial of the case, and offered testimony to support its plea; whereas, the appellant denied any such agreement, and further pleaded that the said Caroline Havard was an idiot, unable to contract or to agree to any such parol partition, rendering any attempted partition on the part of the other heirs void, and further pleaded that he was a minor of tender years at the time of said alleged partition, and that, if he participated in such alleged parol partition, he did not ratify same after reaching his majority, but sought to disaffirm said parol partition.

A general warranty deed from Frances Havard, surviving wife of W. F. Havard, deceased, to William Cameron & Co., for the timber on the 120 acres of land in controversy, dated May 8, 1902, acknowledged on same date before D. H. Johnson, notary public of Angelina county, Tex., was filed for record in the office of the county clerk on May 12, 1902, recorded May 12, 1902, in volume 29, p. 266, Deed Records of Angelina County, Tex. There was also introduced a deed from Wm. Cameron & Co. to Carter-Kelley Lumber Company, the appellee, for the timber in issue in this case, dated March 20, 1906, acknowledged May 22, 1906, filed for record April 6, 1906. The deed under which appellant claims his interest in the land, other than by inheritance from his idiotic sister, is dated June 4, 1906, filed for record August 27, 1908.

The case was submitted to the jury on special issues by the court. The jury found against the appellant, and the court rendered judgment in favor of the appellant for $1/22$ of $\frac{1}{2}$ of the total value of the timber cut, namely, $35.04, besides interest, and, on its own motion, rendered judgment in favor of appellee and against appellant for $21/22$ of the costs in this case. The appellant in due time filed his motion for new trial, which motion the court in all things overruled, and the appellant gave notice of appeal, as required by law, which appeal was by him perfected, and said judgment of the lower court is now before this court for review.

Appellant complains, by his first assignment of error, that the court erred in not rendering judgment in favor of S. W. Havard and against the Carter-Kelley Lumber Company for the amount sued for, and claims that the preponderance of the evidence produced upon the trial shows conclusively that the plaintiff was the owner of the property sued for, and was entitled to recover its market value.

We have gone over the record carefully, and cannot agree with the appellant with reference to the preponderance of the evidence, showing that the plaintiff ought to recover the property, and therefore we overrule this assignment.

[1] By his second assignment, the appellant challenges the action of the court in failing to render judgment in favor of the plaintiff, in that there was no legal verbal partition of the land of W. F. Havard, deceased, and his wife, Frances Havard, whereby the said Frances Havard became the sole owner of the homestead place, from which the timber was cut and removed, and that since W. F. Havard was the owner of one-half of said homestead, and the timber thereon, he was entitled to recover its market value.

It was decided by our Supreme Court as early as 1849, in the case of Lynch v. Baxter, 4 Tex. 431, 51 Am. Dec. 735, that a verbal partition of land proved by delivery of possession was as valid under the Mexican law as if evidenced by writing, and the court in that case, through Judge Lipscomb, says:

"There can be no doubt, that, at the time the partition was made, a verbal sale of land between individuals was binding, and the contract as valid as if evidenced by writing. It was so decided by this court, under the Republic (citing Scott & Solomon v. Maynard and Wife, Dallam's Digest, p. 551, and authorities there cited). But if the law at that time had required that the partition should be in writing, it could not be disturbed now; the right to the respective shares, according to the partition, is now established beyond controversy by the statute of limitation."

In 17 Tex. 418, in the case of Chas. A. Stuart v. Joseph Baker, it was held that a parol partition of land is not obnoxious to our statute of frauds, but is valid and binding, and is placed beyond all doubt where the parties have acted upon and acquiesced in such partition, and have never attempted to repudiate it. In that case the appellants interposed the following objections: (a) That there is no legal evidence of a partition or division of the land. (b) That the deed to Mrs. Nichols is not in conformity to the statute, her husband not having joined her in it. (c) The infancy of Asa Sowell. The court, in its opinion, said:

"The objection to the evidence of the partition of the land is based on its being by a verbal or parol agreement, and it is alleged to be contrary to the provisions of our statute of frauds, which it is contended requires that it should be in writing. This objection, we apprehend, grows out of misconception of our statute, and following the English statute. The difference in our statute of frauds and the English was very fully investigated, and clearly shown in the opinion of this court, delivered by the Chief Justice in the case of James v. Fulcrod, 5 Tex. 512 [55 Am. Dec. 743]. The difference in the two statutes is shown to be this: In our statute the contract for the sale of lands must be in writing. The English statute goes further, and embraces not only a sale of lands, but any interest in or concerning them; and it was decided that a verbal contract between the parties, that one of them should bid off a lot of land at public sale, in his own name, to be divided between them, was not a contract of sale of land within our statute. So the case of Watkins v. Gilkerson, 10 Tex. 340, was an agreement by which one party agreed to procure land certificates and the other to locate them and procure patents, and divide the land so obtained. The agreement was not in writing. We decided that

it was not a contract for the sale of land, and not within the statute. And in case of Houston v. Sneed, decided at the last term of the court, 15 Tex. 307, the court decided that a verbal agreement between adjoining land holders, on a division line was not a contract for the sale of land within the statute, but bound the parties. The doctrine of these cases seems to be conclusive in favor of a verbal division between the parties in the case under consideration, and is certainly placed beyond all doubt, where the parties, as in this case, acted upon, and acquiesced in, such division. * * * From the view we have taken of the point just discussed, it will not be necessary to bestow anything more than a mere passing notice upon the second point. The interest of Mrs. Nichols having been severed, it is not material whether she is bound by the deed in which she joined with her son to Godwin or not. The deed would still be valid, as to them, although she was not bound by it, the land surveyed being upon their share; and it was really a sale by them, and, from the evidence, they received the purchase money. We will proceed to the third and last point proposed to be discussed. It is objected that Asa Sowell, at the date of his deed to Godwin, was a minor; and it appears from the evidence that he was not 21 years of age until the 30th day of April, 1843, the deed bearing date something over one year before he arrived at the age of 20 years. Whatever the conflict may have been in the other courts, as to the legal effect of a minor's deed conveying his lands, the doctrine is well and firmly settled in this court that such deed is not void, but only voidable. It is well discussed in the opinion of this court, in the case of Cummings v. Powell, 8 Tex. 80, and many of the authorities reviewed, and the conclusions were announced that if an infant makes a deed, purporting to be for a valuable consideration, such as would be valid against an adult, it is valid until the infant has avoided it by disaffirming it, after arriving at majority; that it is indispensable to the disaffirmance that the consideration, if money or property, should be tendered to the purchaser. In this case, there is no pretension set up that there was an offer to return the purchase money, and there was not proof that the infant had received the purchase money. The only evidence of a disaffirmance of the deed to Godwin by Asa Sowell is his conveyance to Davis on the 28th day of October, 1845, about two years and six months after attaining the age of 21 years. We will see if that conveyance amounts to evidence on the part of Asa Sowell, of a disaffirmance of his deed to Godwin, even if the want of a tender of the purchase money should not be regarded as material. The deed is as follows: 'Know all men by these presents: That we, Andrew B. Sowell and Asa J. L. Sowell, have this day, in the consideration of the sum of $1,100 to us in hand paid by A. W. G. Davis, the receipt of which is hereby acknowledged, granted, bargained and sold, and by these presents do grant, bargain and sell, unto A. W. G. Davis, all our right, title, interest and claim, in and to the estate of our * * * father, John Sowell, to have and to hold said granted, bargained and sold premises, to said Davis and his heirs forever. Signed, sealed and delivered this 28th day of October, 1845. * * *' We believe that the deed from Asa J. L. Sowell to Davis does not amount to a disaffirmance of his deed, made during his minority, to Godwin. But, had the deed gone to show an intention to disaffirm that sale to Godwin, without * * * a tender of the purchase money, it would have been insufficient to effect the disaffirmance."

In the case of Glasscosk et al. v. T. P. Hughes, 55 Tex. 461, it was held that a parol partition of land is not within the statute of frauds, nor his possession under it necessary to its validity. When those who it is alleged made it are dead, when it is

of an ancient date, and from lapse of time it is impossible to give evidence of either the making of the partition or the conduct and acts of the parties, and every circumstance of acquiescence in such acts as are consistent only with the fact that a partition had been made, it should be admitted in evidence. The court in that case said:

"In this state it is well settled that a parol agreement for the partition of lands is valid (citing Houston v. Sneed, 15 Tex. 309). It is not within the statute of fraud (citing Stuart v. Baker, supra). It is not necessary that it shall be executed by taking possession, to render it valid. It is to be proved as any other contract."

Believing that the doctrine announced above is a settled law of Texas, we overrule appellant's second assignment.

[2] Appellant, by his third assignment, assails the action of the court in rendering judgment in favor of defendant, against plaintiff, for the value of plaintiff's interest in said timber, as inherited by him from his deceased father, claiming that the evidence showed that, at the time of said alleged partition, one of said heirs was a minor, and that if any such verbal partition of said lands was made, and at such time agreed to by the plaintiff, he sought to disaffirm same within a reasonable time after arriving at the age of 21 years.

The court submitted this question of disaffirmance to the jury under the following charge:

"Reasonable time within which to disaffirm a contract concerning land is such time, after the minor making the contract reaches his majority, as a person of ordinary prudence and diligence would require in which to disaffirm the contract, under the same or similar circumstances. The undisputed evidence shows that if there was an agreed partition of the community lands of Mrs. Frances Havard and her deceased husband, between herself and her children, the same was had while plaintiff was a minor, and in such event the agreed partition, if one was had, would not be void, but would be voidable, if the plaintiff should disaffirm the same within a reasonable time after arriving at the age of 21 years, and the questions of whether or not there was an agreed partition of the land, and as to whether or not the plaintiff has disaffirmed such agreement of partition, if any was made, and whether or not such disaffirmance, if any was made by him within a reasonable time after he became 21 years old, are questions to be decided by the jury, in answer to questions propounded to you. You are to answer such questions according to the facts you find from a preponderance of the evidence, and you are instructed that a preponderance of the evidence means the greater weight and degree of the credible evidence. After instructing you as hereinbefore set out, I will now give you the questions which I desire you to answer:

"(1) Do you find from the evidence, prior to the date the deed was made by Mrs. Frances Havard to Wm. Cameron & Co., that Mrs. Frances Havard and her living children, except Caroline Havard, had an agreed partition of their lands, and that said children agreed that she take as her part of the community estate of herself and deceased husband the 120 acres of land described in plaintiff's petition?

"(2) If you answer, 'Yes,' to the foregoing question, you need not answer this one, but, if you answer, 'No,' to the foregoing question, you

will then answer this second question: Do you find from the evidence that prior to the date the deed was made from Frances Havard to Wm. Cameron & Co., any one or more of the living children of Mrs. Frances Havard, except Caroline Havard, but not all of them, had an agreed partition of their land with her, and that the children, if any, agreeing to said partition, agreed that the said Mrs. Frances Havard take as her part of the estate the 120 acres of land constituting the east half of the J. Warren survey, which is the same land set out in the plaintiff's petition, and give the children other lands as their part?

"(3) If you answer, 'No,' to the first question, and answer, 'Yes,' to the second question, then I ask you this question: Give the names of the children that had the agreement with her to let her take the 120 acres of land described in plaintiff's petition. If you answer, 'Yes,' to the first question, you will not answer this third question."

"(6) Do you find from the evidence that the plaintiff, with other children of Mrs. Frances Havard, before the deed was made by Mrs. Frances Havard to Wm. Cameron & Co., entered into an agreed partition of the lands owned by them, and that in the agreement the said Mrs. Frances Havard was to take the 120 acres of land described in the deed to Wm. Cameron & Co.?

"(7) If you answer, 'Yes,' to the sixth question, then you will answer this seventh question, but if you answer, 'No,' to the sixth, then you will not answer this seventh question: Do you find from the evidence that the plaintiff disaffirmed the agreement, if any, that was made with his mother to the partition of lands?

"(8) If you answer, 'Yes.' to the sixth question, and answer 'Yes,' to the seventh, you will then answer this question, but, if you answer, 'No,' to either the sixth or seventh questions, you will not answer this eighth question: Do you find from the evidence that the plaintiff disaffirmed the agreement, if any, made with his mother to partition the land within a reasonable time, as that term has been defined to you, after arriving at the age of 21 years?"

The jury found against the appellant, and we are not willing to say that there is not evidence in this record to support their finding. Therefore we overrule this assignment.

[3] By the appellant's fourth assignment of error, the action of the court is called in question in rendering a portion of the amount of costs against him in the final disposition of said cause, in that he was a successful party to said cause, and there was no good cause shown why any portion of said costs should be adjudged against him, and the court adjudged same against him of his own volition.

The lower court, in his judgment, recites the following facts:

"The plaintiff in his suit prayed for a judgment for ½ of the timber cut by the Carter-Kelley Lumber Company, but was not able to show that he was entitled to recover but a 1/22 of the said ½ of the value of the timber, and therefore it is the judgment of the court that the plaintiff do have and recover of and from the defendant 1/22 of the costs in this case, and the defendant recover of the plaintiff and his sureties 21/22 of the costs in this case."

In the case of Morrow et al. v. Terrell, reported in 21 Tex. Civ. App. 28, 50 S. W. 734, it was held that under Revised Statutes, art. 1425, entitling the prevailing party to all costs, except as otherwise provided, and ar-

ticle 1438, authorizing the court on good cause to adjudge the costs otherwise, it was not an abuse of the discretion of the court to tax the costs in proportion of recovery, where one suing for a certain number of acres recovered a less number. In that case it is said:

"It has been held that, in a suit where judgment is in part for one party and in part for another party, the costs may be apportioned (citing Cannon v. Hemphill, 7 Tex. 184; Payne v. Benham, 16 Tex. 364; Wheatley v. Griffin, 60 Tex. 209). What is 'good cause' for adjudging costs, 'otherwise than provided,' * * * is not stated in the statute, and it must in a great measure rest in the sound judgment of the trial court to say what it is. The trial court having adjudged the facts above recited as good cause for the apportionment of costs, we are not prepared to say that it abused its discretion; and, unless there is manifestly such abuse, we do not feel authorized in disturbing its judgment."

So, in the instant case, it does not appear that the court, in adjudging the costs as above set out, abused its discretion. Therefore this assignment is overruled.

Finding no error in the trial of this case by the lower court, the same is in all things affirmed.

Affirmed.