EDDS et al. v. EDDS et al.    (No. 6883.)

(Court of Civil Appeals of Texas. Austin. March 10, 1926. Rehearing Denied April 14, 1926.)

I. Wills ⟨Key⟩782(13).

Testator in will, devising homestead to wife and after her death to children, *held* not to have intended to dispose of more than his interest in property, so as to require election.

2. Wills ⟨Key⟩751—Devise of homestead held to be specific devise of testator's interest in homestead existing at date will was executed.

Devise by testator of homestead in named county, consisting of 130 acres, *held* to be a specific devise of testator's interest in homestead, which under facts existed on date will was executed.

3. Wills ⟨Key⟩858(3)—Homestead acquired after date of will held to pass to wife under residuary clause thereof.

Where testator by will devise particularly described homestead in B. county, which existed at date of will, but homestead as therein described was subsequently sold and other land purchased and occupied by testator and wife as a homestead, such later acquired homestead passed to widow under residuary clause.

4. Wills ⟨Key⟩583.

A general devise of all testator's property must be construed to devise only his interest therein.

5. Estoppel ⟨Key⟩115.

Matters not pleaded in estoppel need not be considered.

6. Partition ⟨Key⟩5—Evidence held to authorize submission of issue whether parties joined in parol partition of one tract of land under agreement that tract in present suit was to become sole property of defendant widow and her children.

In trespass to try title for interest in land and for partition, evidence *held* to authorize submission of issue whether parties joined in parol partition of one tract of land under

agreement that land in issue in present suit was to become sole property of defendant widow and her children.

**7. Partition ⬦═⇒5.**

Land may be partitioned between joint owners and tenants in common by parol agreement.

**8. Frauds, statute of ⬦═⇒68.**

A parol partition of lands is not within the statute.

**9. Partition ⬦═⇒5.**

In parol partition, personal property or money may be set apart to one of parties and land to the other without actually partitioning or dividing the land.

**10. Partition ⬦═⇒5—Evidence held not to raise issue of parol partition of personal property to some of parties and to others land, where testator's estate consisted of two tracts of land.**

Since parol agreement between heirs to set apart one tract of land to children and then sell it and divide proceeds or to sell land first and set apart proceeds for division would not require setting apart of one tract from the other, there was no issue of parol partition of personal property to some of the parties and to the others land.

**11. Costs ⬦═⇒32(1).**

Judgment against defendants for all costs incurred by them *held* correct, since they lost their suit.

**12. Partition ⬦═⇒114(1)—Plaintiffs, successful in their suit, were entitled to costs up to final judgment.**

Where suit was in trespass to try title and for partition, and defendants contested plaintiffs' rights to interest in land, plaintiffs, being successful in that issue, were entitled to costs up to final judgment.

Appeal from District Court, Bell County; Lewis H. Jones, Judge.

Trespass to try title by P. N. Edds and others against J. F. Edds and others. Judgment for defendants, and plaintiffs appeal. Judgment reformed, and, as reformed, affirmed.

J. B. Talley and J. B. Daniel, both of Temple, for appellants.

M. M. White and W. W. Hair, both of Temple, for appellees.

BLAIR, J. The suit is one in trespass to try title for an undivided interest in 54⅔ acres of land, and for partition of it. It was the community property of J. K. Edds and his second wife, Sarah Edds, and was their homestead. Appellants P. N. Edds, Mrs. Nancy Brightwell, and Mrs. Sarah Elza are children of J. K. Edds of his first wife. Appellees J. F. Edds, Mrs. Minerva Elza, and Mrs. Ellen Wade are children of J. K. Edds of his second wife, Sarah Edds. P. N. Edds having died shortly before the trial of the case, his children were made parties. J. K. Edds died May 15, 1901, and his will was duly probated shortly after his death. Sarah Edds died April 26, 1918, intestate. This litigation was commenced in 1920.

[1] The first question presented by the appeal is to ascertain if the will of J. K. Edds put his wife to an election to take under its terms. The material portions read:

"4. I give, bequeath and demise my homestead in Bell county, Texas, consisting of one hundred and thirty acres more or less to my wife, Sarah Edds and after her death, to be divided equally between my son P. N. Edds, my daughter Nancy Brightwell, my daughter Sarah Elza and my daughter Minerva Elza, my daughter Ellen Wade, after my wife's Sarah Edds' death."

"5. I direct that no division of said property be made until the death of my beloved wife Sarah Edds."

"7. I give and bequeath to my beloved wife Sarah Edds all other property, real and personal, of whatsoever nature and description during her lifetime and after her death, to be equally divided between my children, except my two grandchildren in Arkansas, Mary Francis Edds and John Tillery. * * * *"

The date of this will was October 7, 1887. We submit that there is nothing in this language that may be construed to reveal clearly and unequivocally that the testator intended to dispose of more than his own interest in the property, which is the test of construction to be applied in such cases. Slavin v. Greever (Tex. Civ. App.) 209 S. W. 479; Avery v. Johnson, 192 S. W. 542, 108 Tex. 294; G. C. & S. F. Ry. Co. v. Brandenburg (Tex. Civ. App.) 167 S. W. 170; Payne v. Farley (Tex. Civ. App.) 178 S. W. 793, and authorities there cited; Autrey v. Stubenranch (Tex. Civ. App.) 133 S. W. 531; Haley v. Gatewood, 12 S. W. 25, 74 Tex. 281; Cox v. George (Tex. Civ. App.) 184 S. W. 326.

In Avery v. Johnson, supra, the Supreme Court held:

"Where a testator owns a partial interest in land and the disposal of the land is the subject of his will, it is only where the intention to treat and devise the entire land as his own is revealed by clear and unequivocal language that the will is to be construed as the disposition of more than his own interest, putting the co-owner of the land to his election whether he will take under it because of its conferring upon him, by other provisions, some benefit from the testator's estate which, but for the will, he would not receive. The law presumes that no man will attempt a testamentary disposition of the property of others."

The application of that rule to the language of the will here involved clearly disposes of the issue against appellants.

[2] Appellants insist, however, that the language "my homestead in Bell county, Texas, consisting of one hundred and thirty acres

more or less," was not intended to describe any particular land, but was intended to relate to and devise any homestead of J. K. Edds, and as an entirety, whether it contained 130 acres more or less. There is no merit in this contention. The language used in paragraph 4 does not devise as an entirety any homestead that testator might die possessed of, but clearly makes a specific devise of his own interest in a certain homestead "in Bell county, Texas, consisting of one hundred and thirty acres more or less," which under the undisputed facts existed on the date the will was executed. This paragraph of the will and the specific devise became abrogated long before testator's death, for he sold the 130-acre homestead specifically described in the will. The undisputed facts show that J. K. Edds and Sarah Edds purchased 190 acres of land on Elm creek, in Bell county, Tex., November 10, 1883. On June 25, 1886, they conveyed 60 acres of the 190 acres to their son, John F. Edds. They continued to use and occupy the remaining 130 acres as a homestead until 1890, when they sold it. The will was executed in 1887, during the time they lived on the 130-acre homestead in Bell county, Tex. Shortly after the sale of the 130-acre homestead they purchased the 54⅔ acres in controversy, and used and occupied it as their homestead for the remainder of their respective lives.

[3] Since the words, "my homestead," are immediately followed by the descriptive words, "in Bell county, Texas, consisting of one hundred and thirty acres more or less," and since the undisputed facts show testator owned a homestead of that description on the date he executed his will, we think it conclusive of the fact that he intended by paragraph 4 to devise the particularly described homestead and no other. That being true, the homestead later acquired passed under the following provision of paragraph 7 of the will:

"I give and bequeath to my beloved wife, Sarah Edds, all other property, real and personal, of whatsoever nature and description during her lifetime," etc.

[4] This language is but a general devise of all of testator's property, and, under the rule announced by the authorities hereinbefore cited, it must be construed to devise only the interest of the testator in the property.

[5] Since we are holding that the will did not put Sarah Edds to her election to take under its terms, other propositions of appellants relating to the various dealings of the parties with respect to the disposition and division of the property become immaterial, appellants not having pleaded any of these matters in estoppel, and for that reason they are overruled without discussion.

Had the will required an election on the part of Sarah Edds, the 54⅔ acres in controversy would have become upon the election the sole property of testator, in which each of his children would have been entitled to an undivided one-sixth interest. The trial court correctly construed the will to require no such an election, and therefore found the property to be the community property of J. K. and Sarah Edds, and in which both in law and under the terms of the will appellants were each entitled to a one-twelfth undivided interest, and appellees were each entitled to a three-twelfths undivided interest. Appellees had made private contracts between themselves as to their interest, but they are not involved here.

[6] Appellant P. N. Edds, or his heirs, were denied a recovery of his one-twelfth interest because of a parol partition of certain properties, whereby P. N. Edds was found by the jury to have agreed to make no claim of any interest in the 54⅔ acres of land in controversy, which is the second question presented by this appeal. Appellees alleged the parol partition to have been between them and their mother on the one hand and all the appellants on the other hand. The testimony confined the parol partition to appellees and their mother on the one hand, and appellant P. N. Edds alone on the other hand. The trial court limited the agreement to P. N. Edds in submitting the issue to the jury. The special issue submitted and the jury's answer thereto are as follows:

"Do you find from a preponderance of the evidence that Sarah Edds, John Edds, Minerva Elza, Ellen Wade, and Phillip Edds joined in the disposition of the 86 acres of land in pursuance to an agreement made among Sarah Edds, John Edds, Minerva Elza, Ellen Wade, and Phillip Edds, in reference to the 86-acre tract of land and the 54-acre tract of land whereby the 86-acre tract would be sold and the proceeds equally divided among the six children of J. K. Edds, and the 54-acre tract would become the sole property of Sarah Edds and her own three children? Answer 'yes' or 'no.' Answer: Yes.

"T. K. Callaway, Foreman."

Appellees remained in possession, and the jury further found that they in good faith made valuable improvements on the land after the parol agreement to partition.

Without attempting to detail the evidence on this issue we find that it sufficiently supports the jury's verdict. It shows the 86 acres of land mentioned in the issue to have been the community property of J. K. and Sarah Edds. It was no part of the 54⅔-acre homestead here involved. In such community property appellants were each entitled to a one-twelfth undivided interest, and appellees were each entitled to a three-twelfths undivided interest. It was sold in 1916, and conveyed by the joint warranty deed of Sarah Edds, appellants, and appellees, being the six children of J. K. Edds of both his marriages. It was mutually agreed that the

(282 S.W.)

proceeds of the sale would be divided equally, or one-sixth to each of the six children, and that Sarah Edds receive no part of the proceeds for her interest. Appellees testified that P. N. Edds was the moving cause for the agreement to set aside and sell the 86 acres and to divide the proceeds equally, and that he agreed, in consideration thereof, to claim no interest in the 54⅔ acres in controversy, but that it was to become thereafter the sole property of appellees and their mother, Sarah Edds. The agreement was not in writing.

Appellants excepted to the pleadings and to the action of the court in submitting this issue to the jury, upon the grounds that the alleged parol partition was not of land in kind, but one of money set apart to some of the parties and land to the other parties, and for this reason unauthorized, and that the pleadings and proof showed the alleged agreement to be merely one for the sale of real estate, and, not being in writing, was therefore prohibited by the statute of frauds. These contentions are without merit.

[7, 8] That land may be partitioned between joint owners or tenants in common by parol agreement is too well settled in this state to require discussion. It is also well settled that such a partition is not within the statute of frauds. Havard v. Carter-Kelly Lbr. Co. (Tex. Civ. App.) 181 S. W. 756; Broom v. Pearson (Tex. Civ. App.) 180 S. W. 896; Scott v. Watson (Tex. Civ. App.) 167 S. W. 268; Glasscock v. Hughes, 55 Tex. 461; Houston v. Snead, 15 Tex. 309; Stuart v. Baker, 17 Tex. 418; Lynch v. Baxter, 4 Tex. 431, 51 Am. Dec. 735; 30 Cyc. 161; Murrell v. Mandelbaum, 19 S. W. 880, 85 Tex. 22, 34 Am. St. Rep. 777; Aycock v. Kimbrough, 12 S. W. 71, 71 Tex. 330, 10 Am. St. Rep. 745.

The reason for the rule that parol partitions of real estate do not come within the statute of frauds is well stated by the authority 30 Cyc. 161, in the following language:

"Probably it may not be affirmed that such partition is generally deemed operative as a transfer of the legal title, but, whether so regarded or not, it protects all persons holding under it in their right of possession, and assures to them every right of beneficial ownership."

[9] It is also well settled in this state that a parol partition, setting apart to one of the parties personal property or money and to the other land, without actually partitioning or dividing the land itself, would make no difference in the general principle of parol partition.

In the case of Murrell v. Mandelbaum, supra, where partners as tenants in common, by parol partition, set apart to one partner land and to the other partner money and personal property, it was held:

"The fact that the land itself was not partitioned, and that all of Brash's interest was conveyed to Simon, only made the interest con-

. 282 S.W.—41

veyed by Brash greater than it would have been had there been a parol division of the land between them. There would be no difference in principle between a parol partition of the land between them and a parol conveyance by Brash of his interest to Simon, under the facts in this case."

[10] We are also of the opinion that the evidence in this case does not raise any issue of a parol partition of personal property to some of the parties and to others land. Whether the parol agreement was to set apart the 86 acres of land to the six children and then sell it and divide the proceeds, or to sell the land first and set apart the proceeds for division, presents a distinction without a difference, since either plan would necessarily require the setting apart of the 86 acres from the other estate in order to accomplish the desired result.

[11] The remaining question presented by appellants that merits discussion relates to the portion of the judgment awarding costs. It first decrees:

"That as to all said plaintiffs, save and except Nancy Brightwell and Sarah Elza, the defendants, each and all of them herein, shall recover of and from each and all of said plaintiffs all their costs in this behalf expended. * * *"

It then decrees:

"That the plaintiffs Nancy Brightwell and Sarah Elza each are liable for three thirty-sixths of the court costs herein, and that defendant John Edds is liable for twenty thirty-sixths of the court costs herein, and that the defendant Minerva Elza is liable for ten thirty-sixths of the costs herein, except that all plaintiffs herein, heirs of P. N. Edds, are liable to the defendants and the officers of this court, for all costs incurred by them."

[12] The judgment against the heirs of P. N. Edds "for all costs incurred by them" is correct, since they lost their suit. The other portion of the judgment awarding costs is incorrect, and should be reformed so as to allow appellants Nancy Brightwell and Sarah Elza, who won their suit against appellees, defendants below, to recover of appellees, defendants below, their costs up to the final judgment. The suit is one in trespass to try title and for partition. Appellees contested appellants' right to any interest in the land. We quote the following from our opinion in the case of Richardson v. McCloskey, 261 S. W. 818, as conclusive of this question:

" 'Where defendants litigate a partition suit, it is proper on the plaintiff succeeding that he have judgment for his costs up to the final judgment, the costs of partition to be paid pro rata by those taking in partition.' Askey v. Williams, 11 S. W. 1101, 74 Tex. 294, 5 L. R. A. 176; King v. Bock, 15 S. W. 804, 80 Tex. 156; Richmond v. Simms [Sims] (Tex. Civ. App.) 144 S. W. 1142; Zarate v. Villareal (Tex. Civ. App.) 155 S. W. 328; Perry v. Rogers, 114 S. W. 897, 52 Tex. Civ. App. 594."

The costs of partition have not been incurred as yet in this case, but, when they are, they should be apportioned pro rata by those taking in the partition. With the judgment thus reformed as to costs, it will be affirmed in all things.

Reformed as to costs, and affirmed.