146

## JETTON v. JETTON.
### No. 4832.

Court of Civil Appeals of Texas.
Beaumont.
Nov. 13, 1952.

Rehearing Denied April 9, 1953.

Robert W. Hillin, Jasper, for appellant.
Hughes & Clampitt, Jasper, for appellee.

WALKER, Justice.

This action is in trespass to try title, to recover an undivided one-half interest in a small tract of land in the town of Jasper.

The plaintiff, W. E. Jetton, was formerly the husband of the defendant, who is Minie Jetton. They were divorced at the suit of the wife by a decree rendered on December 31, 1948 by the court which tried the cause now before us on this appeal; and the tract in suit was a part of their community estate, and they resided and made their home upon it prior to their separation. Their divorce decree described the community estate, which included all of the property owned by the parties, and then directed a partition of the entire community which was adjudged to be "just, right and equitable".

This partition set aside to Mrs. Jetton the tract in suit, the parties' household furni-

ture, which was situated in the building in which the parties had resided, and $1,000 in money. The decree recited that Mrs. Jetton had $800 in her possession and it directed Mr. Jetton to pay to her $200 out of funds in his possession. The parties' testimony on the trial of the action now on appeal shows that the divorce court valued the real estate at $6,000 and the furniture at $500. With the $1,000 of money, the value of the wife's share was thus put at $7,500 by the divorce court. The husband adduced evidence in the divorce court that the land with its improvements was worth $10,000; but this testimony seems to have been contradicted by the wife, and the divorce court evidently disregarded it.

The partition set aside to Mr. Jetton $1,800 on deposit in a bank in his name, an automobile, and three vendor's lien notes, one for $2,800, one for $1,000 and one on which a balance of $300 was supposedly unpaid. The $2,800 note was payable to Mr. and Mrs. Jetton. The $1,000 note had been assigned to Mr. and Mrs. Jetton. The third note had actually been paid to Mr. Jetton before the decree of divorce and partition was rendered; and he retained the proceeds. The value which the divorce court fixed on the automobile was not proved on the trial of the present action, but the value of the other property set aside to Mr. Jetto totaled $6,000 on the face of the judgment. Mr. Jetton's testimony shows that he collected the full amount of the principal due on the notes, excepting a sum of about $90 which he gave to the maker of the $2,800 note (his son) to assist him in procuring a loan. Mr. Jetton said that he sold the automobile for $50 subsequent to the rendition of the decree, on a date not proved.

A comparison of the values of the properties set aside to wife and to husband shows that the value of the wife's share exceeded that of the husband's by a sum less than $1,500. What other circumstances constituted the basis of the divorce court's conclusion that the partition was "just, right and equitable" are not in proof; but it was not affirmatively proved that no such circumstances were presented to the divorce court.

The tract set aside to the wife was the only land owned by the community estate, and this fact appears on the face of the decree of divorce and partition. It was also the only land owned by the parties. There was a building on this tract which is referred to as the "tourist court." The parties resided in a part of it, and rented the rest.

The legal title to this land was vested in Mr. Jetton when the decree of divorce and partition was rendered.

After the rendition of the decree of divorce and partition Mr. Jetton filed an original motion, and subsequently, an amended motion for a new trial, and Mrs. Jetton replied to the amended motion; and the amended motion alleged, and thus raised the issue, that the part of the decree which set aside the land to Mrs. Jetton divested Mr. Jetton of title to the land in violation of Article 4638, Vernon's Ann.Civ.Tex.St. and was void for that reason.

The amended motion was overruled by operation of law. There is some evidence that Mr. Jetton prosecuted his amended motion; but there is nothing to show why he did not take an appeal, and we can only infer that he deliberately refrained from prosecuting an appeal.

After the rendition of the decree of divorce and partition, Mrs. Jetton appropriated and used for her own purposes the property set aside to her. She said that the household furnishings awarded to her were old and dilapidated and that she had replaced them. She had expended $2,855.33 in "improvements, additions or alterations" on the "premises—in suit", and had expended $233.09 in taxes and $291.76 for insurance. She had also collected $4,000 in rentals. All of this she had evidently done under claim of ownership, founded on the partition decree.

Mr. Jetton has also appropriated and used the property set aside to him. He paid $200 to Mrs. Jetton in performance of the order so to do, made in the decree of divorce and partition. He collected the promissory notes. He had bought the property in which he was residing when the present cause was tried, and had paid some of the proceeds of these notes on the purchase

price of this land. None of the property awarded to him in the decree of divorce and partition and none of the proceeds of this property have been paid over to, or used by or for the benefit of Mrs. Jetton. All of it, evidently, has been used by Mr. Jetton for his own purposes under a claim of ownership.

A citation issued in the present action on March 20, 1951, and it was served on Mrs. Jetton on March 26, 1951, which was two years, two months and twenty-six days after the decree of divorce and partition was rendered. Mrs. Jetton said that until she was served with this citation she did not know that Mr. Jetton was claiming any interest in the tract in suit, and her testimony was not contradicted. According to this citation the original petition was filed on the date when the citation was issued, six days before the citation was served. There was some evidence that Mr. Jetton brought the present action in a spirit of malice; but there was also evidence to the contrary.

The original petition is not in the transcript. The cause was tried on the first amended original petition, and this pleading alleges a cause of action in trespass to try title and for one-half of the rental value of the premises, stated to be $3,000. Mr. Jetton's suit is founded upon a claim of title. His petition alleges that the partition decree was void in so far as it set aside to Mrs. Jetton his interest in the land in suit, but the fairness of the partition made in the decree of the divorce court is not attacked in the petition or otherwise, and Mr. Jetton has made no offer to restore any property set aside to him or to repartition the community estate. Instead, he insisted during the trial of the cause that the partition decree was void and bound the parties as regards all of the property except the tract in suit. See pages 8 and 36 of the statement of facts.

The cause was tried to the court without a jury, and the trial court rendered judgment that plaintiff take nothing against defendant and that defendant recover the tract in suit from plaintiff. From this judgment plaintiff has appealed. The trial court's findings of fact are consistent with our summary of the facts proved.

## Opinion

■■ 1. It is unnecessary to decide whether the decree of divorce and partition divested Mr. Jetton of title to real estate within the meaning of Article 4638, and if it did, whether this part of the decree was void or was only erroneous. For Mr. Jetton's actions, done with knowledge of the partition directed, show that he consented to and adopted it and effected a partition in fact. He cannot, therefore, now disregard the partition. See Bird v. Palmetto Lbr. Co., Tex.Civ.App., 176 S.W. 610; Millican v. Millican, 24 Tex. 426, at pages 439–440; Moore v. Blagge, 91 Tex. 151, at page 166, 38 S.W. 979; Burton v. McGuire, Tex.Com. App., 41 S.W.2d 238, at page 241 (Hn. 5); Evans v. Martin, 6 Tex.Civ.App. 331, 25 S. W. 688, at page 690 ("If the probate court was without jurisdiction to decree the partition between John M. Boone and Mary A. Boone, this decree can nevertheless be looked to, in connection with the subsequent acts and conduct of the parties interested, as indicating that which would be equivalent to a parol partition".); Suggs v. Singley, Tex.Civ.App., 167 S.W. 241, at page 243; Adams v. Adams, Tex.Civ.App., 191 S.W. 717, at page 720; Pena v. Frost National Bank, Tex.Civ.App., 119 S.W.2d 612, at page 618 (Hn. 13, 14); Cantrell v. Woods, Tex.Civ.App., 150 S.W.2d 838. He took no appeal from the decree. He obeyed that part of the decree directing him to pay Mrs. Jetton $200. He appropriated the entire proceeds of notes of which his wife was a joint payee. He appropriated that part of the community funds which was awarded to him. He waited two years, two months and twenty days before filing suit to recover his interest in the land, and during this time Mrs. Jetton was in possession of the property set aside to her, using it as she wished. Mrs. Jetton has materially changed her position respecting the property since the decree of divorce and partition was rendered. At least some of this Mr. Jetton must have known. Mr. Jetton's present demand is inequitable. Whether his theory concerning the value of the land or that of his wife's be adopted, a judgment giving Mr. Jetton one-half of the land would actually give him more than one-half of the community

estate unless a repartition and a full accounting were made, and Mr. Jetton has not offered to do that. Instead, on the trial of this case he made the contention that that part of the decree dividing the personal property was binding on the parties. He cannot accept a part of a partition and reject the rest. Fritz v. Howeth, Tex.Civ. App., 297 S.W. 334, at page 335 ("They could not recognize the partition as valid without ratifying it as a whole.").

■ 2. If that part of the decree of divorce and partition which set aside the land to the wife be void, it may be that the legal title to this land remained in the husband. We have referred to the fact that he had the legal title to the land when the decree was rendered. However, a parol partition setting aside personalty to one and realty to the other tenant is valid. See Houston Oil Co. of Texas v. Kirkindall, 136 Tex. 103, 145 S.W.2d 1074, at page 1077 (Hn. 7); Edds v. Edds, Tex.Civ.App., 282 S.W. 638, at page 641; Murrell v. Mandelbaum, 85 Tex. 22, 19 S.W. 880, at page 882; 32 Tex. Jur. 152 (Sec. 6). This would settle the equitable title between the parties. See Collett v. Collett, Tex.Civ.App., 217 S.W.2d 60; Ebner v. Nall, Tex.Civ.App., 127 S.W. 2d 506.

■ 3. Several months before this cause was tried, (on June 8, 1951) the trial court made an order purporting to "overrule" paragraph V of Mrs. Jetton's answer, in which she alleged Mr. Jetton's acceptance of the partition and his estoppel resulting. The record does not show what proceedings this order was founded upon, nor why the order was made. Pleadings were filed in reply by Mr. Jetton and these pleadings contained exceptions to this paragraph of the answer, and it may be that the trial court's order was based upon these exceptions. However, when the cause was tried on its merits (beginning on January 7, 1952), the facts alleged in this plea were proved, as our summary of the proof shows, and the trial court filed findings of fact and conclusions of law which are based upon this proof. No objection was made in the trial court that this evidence was not supported by the pleadings. The trial court's order purporting to "overrule" paragraph V of Mrs. Jetton's answer was interlocutory, and that court had authority to set this order aside at a later time. Wichita Falls & S. R. Co. v. McDonald, 141 Tex. 555, 174 S.W.2d 951, at page 952; McCoy v. Texas Power & L. Co., Tex.Com.App., 239 S.W. 1105; Freeman on Judgments, § 200; Black on Judgments, § 308; Manley v. Razien, Tex. Civ.App., 172 S.W.2d 798. We must assume, accordingly, that the trial court actually did this since the proceedings had and the judgment rendered on the merits are consistent only with such action by the trial court. See Gay v. Pemberton, Tex. Civ.App., 44 S.W. 400; Kneale & Watkins v. Thornton, Tex.Civ.App., 88 S.W. 298; Matheson v. C-B Live Stock Co., Tex.Civ. App., 198 S.W. 641; Payne v. White House Lbr. Co., Tex.Civ.App., 231 S.W. 417; Goldsmith v. Mitchell, Tex.Civ.App., 57 S. W.2d 188.

The judgment of the trial court is affirmed.

### On Rehearing

I do not see that we have added anything to the case, by way of a new theory or otherwise. Our statement that the plaintiff had "consented to and adopted" the partition (it was the *partition,* not the partition *decree,* which the plaintiff consented to and adopted) "and effected a partition in fact" is a conclusion from facts stated in the opinion, and those facts are in accord with the trial court's findings. It may be that we might have said "acquiesced in and ratified" instead of "consented to and adopted", but the trial court, having found in paragraph 1 of the supplemental findings that plaintiff was present, in person and by attorney, when the partition decree was rendered, found in paragraph 2 of the supplemental findings that plaintiff *"accepted* the property so distributed to him under the aforesaid divorce judgment and has used the same for his exclusive use and benefit." It is to be remembered that defendant owned one-half of the property so *accepted* and *used* by the plaintiff and that the plaintiff was not entitled to his wife's part except by virtue of the partition. Under the circumstances, the trial court's finding that plaintiff *accepted* and *used* the property set

aside to him would seem to necessarily imply that plaintiff "consented to and adopted" the partition. The relevant facts on which our conclusion is based are supported by the proof and by paragraph V of the defendant's answer, but regardless of pleadings, were proved without objection that the proof was not supported by the pleadings, and the issue would seem to have been tried by consent. Use of the word *estoppel* is not limited to conduct which might deceive a party. Where an attempted partition was ineffective for some reason but had been carried into effect in ways analogous to that in which the partition between plaintiff and defendant was effected, it has sometimes been said that a party in plaintiff's position was *estopped* to deny the partition. In addition to the authorities cited in our opinion see 68 C.J.S., Partition, § 16, pp. 19, 20; 40 Am.Jur. 17, Sec. 20; 21 Am. & Eng. Encyc. Law 1191, Sec. 9. The trial court's supplemental conclusion of law was in accordance with these holdings.

We adhere to our statement that "at least some of this Mr. Jetton must have known." Plaintiff had bought a residence in or near Jasper. See S.F. 17.

The motion for rehearing is overruled.