## BROWN v. KIRK et al.   (No. 2464.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 24, 1921.)

1. Partition ⬚9(2) — Evidence held insufficient to show that shares that parties agreed upon were so segregated as to identify them.

In an action of trespass to try title, evidence *held* insufficient to support findings that the parts of the land which plaintiff and defendants, who lived together on the land and cultivated and used the entire tract as their home, were to take under an agreement to divide it among them were so segregated and separated as to identify them, or that each of the parties took possession of any particular part.

2. Deeds ⬚38(3) — Description held insufficient.

A description of land in a deed as "commencing at a corner on the W. A. Bryan survey opposite and north of the lot; thence N. to a corner of a 2-acre survey of W. A. Bryan; thence S. to public road; thence W. to a rock in center of road; thence S. to a corner on S. boundary line of the A. H. Latimore H. R. S.," etc., *held* insufficient as not affording means for identifying it so that its boundaries could be found on the ground with any degree of certainty.

Appeal from District Court, Cass County; R. T. Wilkinson, Judge.

Action by Josie Brown against R. L. Kirk and another in which Bertress Kirk and another were made parties defendant after the death of R. L. Kirk. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

H. A. O'Neal, of Atlanta, for appellant.

H. F. O'Neal and Hill Stewart, both of Atlanta, for appellees.

This was a statutory action of trespass to try title, commenced by appellant against R. L. Kirk and appellee J. H. Kirk January 16, 1918. R. L. Kirk died in February, 1920, and his devisees, appellees Bertress Kirk and Mary Kirk, were made parties defendant by an amended petition filed by appellant August 23, 1920. The land in controversy was 650 acres in Cass county, not otherwise described in appellant's pleadings than by reference to deeds alleged to be of record in said county. The answers of appellee consisted of pleas of not guilty and the 5 and 10 years statutes of limitation.

As proof of her right to recover the land appellant at the trial relied on (1) a deed of R. Rogers and wife, dated June 12, 1901, duly recorded in Cass county, conveying to her and said R. L. Kirk and J. H. Kirk two tracts of land; one described as "containing 500 acres less 2 acres sold to Livingstone," and the other as 152 acres, "part of the Patterson and J. H. Darnell surveys," and neither of them otherwise described than as being in Cass county and as the "tracts mentioned and described in deeds" specified of record in said county, none of which were offered in evidence and made a part of the record sent to this court; and (2) testimony of witnesses tending to show that the land was purchased for her by said R. L. Kirk and J. H. Kirk, who paid the entire consideration therefor, $1,150, with money belonging to her.

Appellees denied that the land was so purchased, and offered testimony tending to show that it was purchased by appellant, R. L. Kirk, and J. H. Kirk jointly, and that the purchase price was paid with $900 belonging to appellant and $259 belonging to R. L. Kirk and J. H. Kirk. They also offered testimony tending to show (1) that it was understood and agreed between appellant and R. L. Kirk and J. H. Kirk at the time the land was purchased that R. L. Kirk and J. H. Kirk were to expend in improvements on the land a sum which, added to the $250 they paid of the purchase price, was to equal one-half thereof, and were to own an undivided one-half of the land, the other undivided one-half to be owned by appellant; (2) that R. L. Kirk and J. H. Kirk made the improvements accordingly; and (3) that in 1902 they and appellant

⬚For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

agreed on a partition of the land whereby R. L. Kirk was to take 200 acres thereof, J. H. Kirk 125 acres thereof, and appellant the remaining 325 acres; and that thereafter R. L. Kirk rendered and paid taxes on 200 acres, J. H. Kirk 125 acres, and appellant 325 acres. And they proved that on January 7, 1916, appellant and J. H. Kirk, in conformity to said agreement, made a deed purporting to convey to R. L. Kirk 200 acres, more or less, of the A. H. Latimore and J. H. Darnell surveys, described as "commencing at a corner on the W. A. Bryan survey opposite and north of the lot; thence N. to a corner of a 2-acre survey of W. A. Bryan; thence S. to public road; thence W. to a rock in center of road; thence S. to a corner on S. boundary line of the A. H. Latimore H. R. S.; thence E. to corner at Oby Lee's farm; thence S. to a corner on the line of the Culpettee survey; thence E. with said survey to a corner on a staked line running N. and S. and S. back to the place of beginning on the W. A. Bryan S. boundary line."

On special issues submitted to them the jury found: (1) That appellant and R. L. Kirk and J. H. Kirk agreed to purchase the 650 acres jointly, and that appellant furnished $900 and R. L. Kirk and J. H. Kirk $250 of the $1,150 paid for it; (2) that R. L. Kirk and J. H. Kirk agreed to make improvements on the land "to cover their proportionate part of the original consideration paid for the land," but did not do so; (3) that in 1902 appellant and R. L. Kirk and J. H. Kirk made a parol partition of the land, whereby R. L. Kirk was to have the 200 acres thereof described in the answer of appellees Bertress Kirk and Mary Kirk, J. H. Kirk was to have the 125 acres described in his answer, and appellant was to have the remaining 325 acres, and that each of them took possession of the part so allotted to him and her; (4) that R. L. Kirk for a period of more than 10 years before appellant commenced her suit had "peaceable, continuous, and adverse possession of said 200 acres, claiming, cultivating, and using and enjoying the same, and that J. H. Kirk for a like period had like possession, etc., of the 125 acres.

The appeal is from a judgment in favor of appellees Bertress Kirk and Mary Kirk for the 200 acres described in their answer, in favor of appellee J. H. Kirk for the 125 acres described in his answer, and in favor of appellant for the "remaining 325 acres of the 650 acres."

WILLSON, C. J. (after stating the facts as above). The assignments attacking the judgment as erroneous on the ground that the testimony did not warrant (1) the finding that a partition of the land was effected between appellant and R. L. Kirk and J. H. Kirk, and (2) the findings that the possession of R. L. Kirk of the 200 acres claimed by appellees Bertress Kirk and Mary Kirk, and of J. H. Kirk of 125 acres claimed by him, was "adverse" to appellant within the meaning of the statute of limitations, are sustained.

[1, 2] There was testimony sufficient to support a finding that appellant and R. L. Kirk and appellee J. H. Kirk agreed that R. L. Kirk should take 200 acres, J. H. Kirk 125 acres, and appellant 325 acres of the 650 acres, but the testimony was not sufficient to support a finding that the part each was to take was so segregated and separated as to identify it, nor a finding that the parties, respectively, or either of them, took possession of any particular part of the 650 acres. The testimony was that appellant, a widow, and her four children, and R. L. Kirk, J. H. Kirk, Bertress Kirk, and Mary Kirk, her brothers and sisters, all lived together on the land, and cultivated and used the entire 650 acres for the purposes of a home. No one of them, so far as the testimony showed to the contrary, had more or different possession of the land, or any part of it, than either of the others had, until January 7, 1916, when appellant and J. H. Kirk undertook by their deed to convey 200 acres, more or less, thereof to R. L. Kirk. The description in said deed of land they undertook to so convey is set out in the statement above. It is insufficient, we think, when tested by the most liberal of rules applicable. It does not afford means for identifying the land so that its boundaries could be found on the ground with any degree of certainty. Young v. Gharis, 170 S. W. 796, 799; Sullivan v. Fant, 160 S. W. 612, 621; Gorham v. Settegast, 44 Tex. Civ. App. 254, 98 S. W. 665, 669; Coker v. Roberts, 71 Tex. 597, 9 S. W. 665, 667; Norris v. Hunt, 51 Tex. 609, 614. The deed being void, of course it was of no effect as support for any of the findings complained of. Therefore the situation of appellees Bertress Kirk and Mary Kirk was not different from that of appellee J. H. Kirk. Neither was entitled to a judgment awarding the recovery of a specific part of the 650 acres.

It follows from what has been said that not only should the assignments referred to be sustained, but all the others in appellant's brief (including the ninth, but only so far as it is that the court erred in rendering judgment for Bertress Kirk and Mary Kirk), except the third, fourth, and tenth, which are overruled, should be sustained.

The judgment is reversed, and the cause is remanded to the court below for a new trial.