## JONES v. TEXAS CO.

### No. 4360.

Court of Civil Appeals of Texas. Amarillo.
Feb. 25, 1935.

Rehearing Denied March 25, 1935.

D. B. Chapin and Edwin A. Brown, both of Longview, for plaintiff in error.

H. S. Garrett and H. R. Wilson, both of Fort Worth, for defendant in error.

JACKSON, Justice.

On August 21, 1931, an action in trespass to try title was instituted by the plaintiff, Will Jones, in the district court of Gregg county to recover from the defendant, the Texas Company, a life estate consisting of an undivided one-twelfth interest in and to certain land fully described in his petition. He also pleaded his title specially.

The defendant answered by general denial, alleged that it had title, and pleaded the three, five, and ten year statutes of limitation and improvements in good faith, and asked for affirmative relief.

In response to special issues submitted by the court, the jury found, in effect, that George Roden and the four children of himself and Katherine Roden entered into an oral partition of the land in controversy in the year 1910; that the defendant and those under whom it claims had held peaceable and adverse possession of the land, cultivating, using, and enjoying it, for a consecutive period of ten years prior to August 22, 1931.

On these findings judgment was rendered that plaintiff take nothing by his suit and that the title and interest of the defendant be forever quieted.

For convenience we shall refer to the parties as designated in the trial court.

The plaintiff filed no motion for new trial, but moved the court to render judgment for him non obstante veredicto, because the finding of a jury of a parol partition of the land in the year 1910 is against the great and overwhelming preponderance of the competent evidence.

The following facts are sufficiently shown:. The 76.3 acres of land involved was the separate property of Katherine Fowler, who purchased it while a widow with two children, Ab Fowler and Dora Fowler. Thereafter she intermarried with George Roden, and to them were born two children, Leroy and Annie Roden. Katherine Fowler and her second husband and all the children occupied, used, and enjoyed said land as their homestead, and after her death in the year 1889 the surviving husband and said children continued to occupy said property. Dora Fowler intermarried with one King, and by him had a daughter named Ethel. King died, and Dora Fowler King intermarried with Will Jones, the plaintiff. No issue was born to this union, and Dora Fowler King Jones died intestate, and left surviving as her heirs her husband, Will Jones, and her daughter, Ethel King. On January 29, 1916, Ethel King, joined by her husband, Warren Moseley, conveyed her undivided one-fourth interest in the property to J. H. Victory. On August 12, 1918, Annie Roden, joined by her husband, R. C. Winters, conveyed her one-fourth undivided interest in the land to J. H. Victory. March 3, 1919, J. H. Victory and his wife conveyed to George Roden the east one-half of said land by a deed which recites: "The said east one-half of said land, that portion of said tract heretofore set aside by the said George Roden to Annie Winters and Ethel Moseley," heirs of Katherine Fowler Roden, "and possession of same long since delivered to them by George Roden and they accept same as their interest in and to said land and estate." September 1, 1926, George Roden, joined by his wife, "for and in consideration of partitioning the lands belonging to the estate of Katherine Roden, deceased, and for the sum of $1.00, * * * bargain, sell and release and forever quitclaim unto the said Ab Fowler and Leroy

Roden, their heirs and assigns, all our right, title and interest in and to" the west half of said land. On the same day George Roden and wife deeded to E. M. Woods, for the consideration therein recited, their undivided interest in the east one-half of said land. February 6, 1928, Leroy Roden sold to Ab Fowler one-fourth of said land, and on the same day Ab Fowler, joined by his wife, sold and conveyed to E. M. Woods one-fourth of said tract, which is described by metes and bounds.

On October 9, 1930, E. M. Woods and wife leased the land in controversy, together with other acreage, to Katherine Ryan, who assigned the same to the defendant.

Plaintiff concedes that, if the surviving husband of Katherine Fowler, George Roden, and the four children, Ab and Dora Fowler and Leroy and Annie Roden, entered into an oral agreement in 1910 by the terms of which the land was partitioned, his rights are barred by limitation. He contends, however, that, notwithstanding the parol testimony of the oral agreement to partition was introduced without objection, the defendant having failed to plead fraud, accident, or mistake, such testimony is inherently inadmissible, because it contradicts the contractual consideration recited in certain deeds, and is not sufficient to authorize the judgment.

The plaintiff alleged that, after the death of Katherine Fowler Roden, the four children and George Roden agreed upon a tentative partition to be effective at a later date, and, when consummated, the girls should receive the east half and the boys the west half of the land, and that on March 3, 1919, J. H. Victory ratified said partition in the conveyance to George Roden, who manifestly ratified the partition by accepting under the deed.

That an oral agreement to partition land may be valid is not questioned.

"A partition between joint owners does not confer title upon either, but has the effect only to dissolve the tenancy in common, and leave the title as it was before, except to locate such rights as the parties may have, respectively, in the distinct parts of the premises, and to extinguish such rights in all other portions of that property." Chace v. Gregg, 88 Tex. 552, 32 S. W. 520, 522.

"The effect of a partition is believed to be the same whether it be accomplished by parol agreement; by a deed purporting to partition; by warranty deeds reciting money considerations; or by a judgment in a partition suit. * * * The transaction being merely a partition, the only consideration for each of the deeds was the advantage or supposed advantage accruing to each of the tenants in common upholding his or her interest in severalty." Walling et al. v. Harendt et al. (Tex. Civ. App.) 37 S.W.(2d) 280, 282.

The parol testimony, if admissible, is sufficient to support the finding of the jury that the oral partition was made in 1910, and the competency of such testimony to authorize the judgment is the controlling question.

■ It is settled that, if the recited consideration is contractual—that is, embodies terms of the contract—extrinsic testimony is not admissible to vary, add to, or modify such contractual provision, unless fraud, accident, or mistake is pleaded. 17 Tex. Jur. 854, § 388.

It is also apparently settled that, if such extrinsic testimony is not inconsistent with or destructive of the effect of the instrument, such evidence may be heard and considered.

"Parol evidence that is not repugnant to the terms of a writing to which it relates, is consistent with and explanatory of them, is admissible." 10 R. C. L. 1019, § 212.

"In order to let in evidence of a collateral agreement between the parties, such agreement must be consistent with the terms of the writing; if the evidence tends to vary or contradict the terms of the written instrument or to defeat its operation, it cannot be received." 22 C. J. 1248, § 1663.

This text is quoted with approval in Johnson v. Johnson (Tex. Com. App.) 14 S.W.(2d) 805.

Extrinsic evidence of matters reduced to writing may be admissible when not in conflict with the written instrument. Interstate Savings & Trust Co. v. Hornsby et al. (Tex. Civ. App.) 146 S. W. 960, 961.

"Where there is a direct reference in the writing to a verbal agreement, such agreement may be proved." 22 C. J. 1290, § 1717.

"Carrying out a parol contract by executing a deed in furtherance of it is not offending against the rule forbidding alteration, addition, or variation of written contracts by parol." St. Louis & N. A. R. Co. v. Crandell, 75 Ark. 89, 86 S. W. 855, 857, 112 Am. St. Rep. 42.

See, also, Barker v. Bradley et al., 42 N. Y. 316, 1 Am. Rep. 521; 10 R. C. L. 1019, § 211.

■ The deed from J. H. Victory to George Roden of date March 3, 1919, reciting that the land therein conveyed was that portion of the tract that had been theretofore set aside to the girls, in our opinion refers to the parol partition. The extrinsic evidence of the parol agreement to partition made in 1910 does not

destroy the provision in the deeds dated September 1, 1926, one of which recites: "For and in consideration of partitioning the lands belonging to the estate of Katherine Roden, deceased"; is not in conflict or repugnant to such provision, but is consistent therewith.

It is not contended that either of the children received more, less, or different acreage by virtue of the parol partition than he or she received by virtue of the deeds dated September 1, 1926. The parol partition and the written partition each had for its consideration the advantage of placing in each of the children a distinct part of the land so each could hold in severalty. The deeds were, in our opinion, but a confirmation of the prior oral partition, and the extrinsic evidence was admissible, supports the finding of the jury, and authorizes the judgment of the court.

Affirmed.