## EBNER et al. v. NALL et al.
### No. 3412.

Court of Civil Appeals of Texas. Beaumont.
April 7, 1939.

Rehearing Denied April 26, 1939.

Thomas N. Hill and LeRoy McCall, both of Beaumont, for appellants.

E. L. Nall, Geo. Weller, and Morris & Bennett, all of Beaumont, for appellees.

COMBS, Justice.

This is a partition suit. Appellants are the children and devisees under the will of Susanna Ebner, decd. At the time of her death Susanna Ebner owned a tract of land known as the Ebner homestead tract. The tract contained 200 acres, less 20 acres which Susanna Ebner conveyed to her daughter-in-law, Myrtle Ebner, out of the southeast corner of the south hundred acres prior to her death. By her will she devised undivided interests to appellants. In addition to the 20 acres above mentioned, the daughter-in-law, Myrtle Ebner, acquired two undivided interests aggregating 25 acres. By deed of trust dated December.3, 1928, Myrtle Ebner conveyed the 20 acre tract and the undivided interests to George W. Weller, trustee, to secure an indebtedness due E. L. Nall. The deed of trust was foreclosed by sale and the trustee conveyed the land to E. L. Nall February 7, 1933. On May 9, 1933, E. L. Nall recovered a judgment against Myrtle Ebner and her children for the land, the trustee's sale having been attacked in that suit on the ground that the property was the homestead of Myrtle Ebner. In 1936, E. L. Nall recovered another judgment against Myrtle Ebner and her children for the 20 acres of land, confirming his title and enjoining Myrtle Ebner and her children from further litigating the matter. Nall later conveyed the land to B. H. Willis, less a mineral interest. This suit was filed by Nall

and Willis against the Ebners for a partition, pleading, among other things, their ownership of the specific tract of 20 acres conveyed by Susanna Ebner on March 8, 1926, to Myrtle Ebner, describing the tract by the metes and bounds set forth in that deed and in the deed to Nall and in the judgments above mentioned. By cross action appellant, Adolph Ebner, plead among other things that the deed from Susanna Ebner to Myrtle Ebner incorrectly described the 20 acres intended to be conveyed in that it erroneously described the tract as 275 yards wide from east to west and 352 yards long from north to south, whereas it was intended to be described as 275 yards wide from north to south and 352 yards long from east to west, so as not to include the improvements thereon. That as described in the deed the tract included a greater part of the improvements where he lived, and which Susanna Ebner intended he should retain. He alleged that shortly after the death of Susanna Ebner, and before the Nall deed of trust was given, there had been an oral partition between him and his co-tenants whereby they had orally partitioned to him a 10 acre tract adjoining the 20 acres on the north as it was intended to be described, and including, on said 10 acres, all of the improvements. He sought to reform the deed from Susanna Ebner to Myrtle Ebner and to have his 10 acre tract partitioned to him in accordance with the alleged oral partition. Nall and Willis plead that they were innocent purchasers for value, without notice of the alleged oral partition. At the conclusion of the evidence the case was submitted to a jury on special issues, in response to which the jury found that the description in the deed in question was the result of mutual mistake, that there had been an oral partition as alleged by the Ebners, and that Nall and Willis had notice thereof. However, on motion of appellees, the trial judge entered a judgment in their favor non obstante veredicto, decreeing partition setting aside the specific 20 acre tract for Nall and Willis and appointing commissioners to partition the balance of the tract. The commissioners made their report, which was confirmed, and this appeal was perfected by the Ebners.

## Opinion.

As we view it, this record presents nothing for review except the questions: first, whether appellants had a right to have the deed from Susanna Ebner to Myrtle Ebner reformed on the jury's findings in their favor, and, second, whether Adolph Ebner had the right to have the 10 acres set aside to him to include the improvements in accordance with the alleged oral partition.

It is our conclusion that the trial court was correct in disregarding the jury's findings and in entering the judgment as he did for the reason that plaintiffs were entitled, at the conclusion of the evidence, to an instructed verdict. This is so for the reason that, on the undisputed facts, Nall and Willis were entitled to the specific 20 acre tract described in the deed from Susanna Ebner to Myrtle Ebner. Susanna Ebner owned the 200 acres and executed conveyance of the specific 20 acre tract, valid on the face of the deed. Neither Nall nor Willis could be affected by the alleged mutual mistake in the description in the absence of proof that they took title with notice of it. There is no evidence whatever that they did have any such notice.

Nor was there any proof that Nall or Willis had actual notice of the oral partition. Appellants insist, however, that the mere fact that Adolph Ebner occupied the premises involved was notice of it. This contention is denied by the authorities. A partition is a mere division and not a conveyance of land, and an oral partition merely confers upon the holder an equitable title to the specific portion allotted to him, the legal title remaining as before. Wilson v. Beck, Tex.Civ.App., 286 S.W. 315. And for the interest of a purchaser for value to be affected by a prior oral partition, such purchaser must have had notice of the partition. Whitaker v. Allday, 71 Tex. 623, 9 S.W. 483. Adolph Ebner lived on the old premises with another of the co-tenants, occupying a part of the 20 acre tract, and a part of what he claims to be the 10 acres orally partitioned to him, but there was no actual segregation on the ground of his alleged 10 acres. His residence on the land was not of itself notice of his claim to the specific tract. Whitaker v. Allday, supra; Le Blanc v. Jackson, Tex. Com.App., 210 S.W. 687; Brown v. Kirk, Tex.Civ.App., 236 S.W. 223.

We will add that in addition to the above Adolph Ebner was estopped by record and by judgment from questioning the Nall and Willis title to the specific 20 acres. In 1935, he and all the other Ebners joined in an oil and gas lease of the 200 acre tract, less said 20 acres, specifically de-

scribing said 20 acres by the metes and bounds set forth in the deed from Susanna Ebner to Myrtle Ebner. Also in 1935 E. L. Nall recovered judgment against Adolph Ebner to the specific tract on his disclaimer. Plaintiffs specifically plead the issues of purchase in good faith and estoppel, and Mr. Willis testified that he relied on the records in purchasing the land.

The judgment of the trial court is affirmed.