## COLLETT v. COLLETT et al.
### No. 5919.

Court of Civil Appeals of Texas. Amarillo.
Dec. 20, 1948.

Rehearing Denied Jan. 24, 1949.

Ratliff & Conner, of Spur, for appellant.

J. Farris Fish, of Matador, and Bouldin & Bouldin, of Mineral Wells, for appellees.

LUMPKIN, Justice.

The appellees, Hamp Collett, together with his three brothers and four sisters, each sister joined by her husband, brought this suit under the Uniform Declaratory Judgments Act, Article 2524—1, Vernon's Annotated Civil Statutes, against their step-mother, Mrs. Florence Enloe Collett, the appellant, to remove cloud from title to 200 acres of land located in Motley County, Texas, and for a judgment declaring the appellees to be the owners of the land, sub-ject to the life estate of J. C. Collett, ap-

pellees' father. Collett's first wife, Mrs. E. R. Collett, was appellees' mother.

It appears that about 1898, J. C. Collett and his wife, Mrs. E. R. Collett, owned in Motley County, as their community proper-ty, two tracts of land, each containing 320 acres. The first of these tracts, described as all of Survey 4, S.F. No. 802, J. C. Col-lett, original grantee, is known in the testimony as the North place, while the second tract, described as the East one-half of H. & G.N.Railway Company Survey 36, Block "J", is identified in the testimony as the South place. The 200 acres in con-troversy is located on the South place.

On September 21, 1926, appellees' mother, Mrs. E. R. Collett, died and left a will whereby she devised to her husband a life estate in her undivided one-half interest in their community property with remainder over to her children.

In April, 1929, J. C. Collett and his eight children joined in the execution of a deed of trust lien upon the North place for the purpose of borrowing $5,000 from one Walter Darlington. Subsequently this tract of land was lost by foreclosure.

On November 21, 1929, J. C. Collett mar-ried the appellant, Mrs. Florence Enloe Collett, and on November 6, 1931, J. C. Collett, by a general warranty deed, for a recited consideration of $1.00 and love and affection, conveyed to his wife, the appel-lant, all of his interest in the south 200 acres of the East one-half of H. & G.N. Railway Company Survey 36, Block "J", commonly referred to in the record as the South place.

The appellees pleaded that on April 1, 1929, they entered into a parol partition agreement with their father by which he took the North place as his own and the appellees took the South place, subject to their father's life estate. J. C. Collett used the North place to borrow the $5,000 from Darlington as above explained, and he continued to use the South place as his homestead.

The appellant answered by pleading the Ten Year Statute of Limitation; that she had no notice, either actual or constructive, of the parol partition agreement alleged by

the appellees; that she acted in good faith in accepting the deed from her husband; that she had made valuable improvements to the property; that in protecting the property from foreclosure, she had paid from her separate means $174.81 as interest due the State of Texas upon the original purchase price of the land.

The record shows that J. C. Collett is about 87 years of age and has been blind about ten years. At the time of this trial J. C. Collett was separated from the appellant and was living in a rest home at Lubbock under the supervision of the appellees. It was agreed between the parties that the appellant would have the right to defend this suit as a feme sole.

Trial was to a jury. In answering the five special issues submitted, the jury determined the following facts:

That on April 1, 1929, the appellees and their father made a partition of the lands owned by him and his first wife; that as a result of the partition the appellees received, as a part of their interest in the property, the 200 acres involved in this suit; that about April, 1934, the appellees had knowledge that their stepmother, the appellant, was claiming to own the fee simple title to an undivided 100 .acres of land out of the south 200· acres by virtue of the deed given her by her husband, J. C. Collett, and dated November 6, 1931; that the appellant did not, either in person or through a tenant, hold exclusive,· peaceable and adverse possession of the land, under a fee simple title for any period of three years, between April 26, 1943, and April 22, 1948, and independent of her claim to a life estate; and that the appellant was not an innocent purchaser for value of the fee simple title to an undivided 100 acres of land out of the 200 acres in controversy.

Upon this verdict the trial court rendered judgment decreeing, under the Declaratory Judgments Act, that the cloud cast upon the appellees' title by virtue of the appellant's claim be removed and the title quieted in the appellees; that at J. C. Collett's death the life estate now vested in the appellant, Mrs. Florence Enloe Collett, be extinguished and terminated and the fee simple title to the 200 acres of land be vested in the appellees.

The court overruled the appellant's motion for judgment non obstante veredicto as well as her motion for a new trial, to which actions of the court the appellant duly excepted and gave notice of appeal and the case is now before us for disposition.

The appellant predicates her appeal upon eleven points of error insisting, first, that the trial court erred in refusing to sustain her motion for a peremptory instruction as well as the court's refusal to sustain her motion for judgment non obstante veredicto. Both of the motions contended, and it is the point raised here, that the appellant is entitled to judgment because, as a matter of law, she is an innocent purchaser of the land for value. It will be recalled that in answer to the special issue submitted the jury found that the appellant was not an innocent purchaser for value of the fee simple title to an undivided 100 acres of land out of the 200 acres in controversy. The court defined "innocent purchaser for value" as one who buys real estate in good faith for a valuable consideration and without actual or constructive notice of an outstanding equity or adverse interest or title.

It is the appellant's argument that since the appellees have only an equitable title in the land, that the burden was upon them to prove that the appellant had notice, either actual or constructive, of a parol partition agreement. It is the law of this state that a parol partition agreement, such as urged here by the appellees, could amount to no more than an equitable title. Wilson v. Beck et al., Tex.Civ.App., 286 S.W. 315, writ refused; Ebner et al. v. Nall et al., Tex.Civ.App., 127 S.W.2d 506, dism. judgm. cor. And likewise it is the rule that one who claims an equitable title as against a subsequent purchaser assumes the burden of proving that the buyer was not an innocent purchaser—that he did not pay value, or that he purchased with notice of the equity, or notice of such facts as would put a prudent man on inquiry. Gillian et al. v. Day, Tex.Civ.App., 179 S.W. 2d 575, writ refused.

■ In determining the question of whether the trial court erred in refusing to grant appellant's motion for a peremptory instruction or should have granted appellant's request for judgment notwithstanding the jury's verdict, we cite the recognized rule that the evidence, in solving such problems, must be viewed in a manner most favorably toward the appellees. Apparently, in conformance with this rule, the trial court determined there was evidence enough to justify the submission of special issues to the jury and consequently overruled the appellant's motion for a peremptory instruction. If there is legal evidence to support it, this court is bound by the jury's verdict. It is our duty, therefore, in passing upon this question, to consider only that evidence most favorable to the contention of the appellees and the action of the trial court, to indulge every intendment reasonably deducible from the evidence which is favorable to the appellees as well as to the submission of the issues raised, and to disregard all testimony to the contrary. Texas Bus Lines et al. v. Whatley et al., Tex.Civ.App., 210 S.W.2d 626, writ refused; Wilder v. Malone, Tex.Civ.App., 212 S.W.2d 938.

In support of her allegations that she was an innocent purchaser of the land for value, the appellant stated that as part of the consideration for the deed she agreed with J. C. Collett, at the time of the conveyance, to pay the delinquent taxes as well as $320, the amount of the unpaid State debt for the original purchase price; that she did pay the back taxes and interest and would pay the principal of the State debt when it became due in 1951; that Collett told her at the time the deed was delivered that she was acquiring a life estate in 200 acres of land so long as he should live; that after his death, she would have 100 acres of land in fee; and that she knew nothing of the parol partition agreement until this suit was filed. All of the appellees who testified stated that they had never informed appellant of the partition agreement.

■ However, the evidence shows that the appellant married J. C. Collett shortly after he entered into the partition agreement and while possibly he had some of the $5,000 borrowed on the North place.

Since the appellant was living with Collett at the time Darlington foreclosed on the North place, we consider it a logical deduction from the evidence that the appellant was aware of this proceeding. In the course of her testimony the appellant remarked that prior to her marriage, Collett had told her he was a wealthy man owning a section of land, and that after her marriage, and finding that he was not a wealthy man, she remonstrated with him concerning this misrepresentation. She stated that she understood that the appellees received their mother's share of the community estate. All of these facts, as testified to by appellant, would be sufficient, in our opinion, to put a prudent person on inquiry. Moreover, Hamp Collett, one of the appellees, testified that in 1932 his father came to him and in the presence of his wife, the appellant, stated that he wanted to deed 119 acres of the South place to Hamp to save the life estate. According to Hamp, the appellant said they wanted to deed this property to him to save it from the creditors. On May 29, 1932, J. C. Collett executed a deed conveying the 119 acres to Hamp Collett in consideration of ten dollars and four notes of $500 each. These notes were never paid, and Hamp Collett never received any of the rents off of this property nor did he claim the land under the deed, and later he deeded this tract to the heirs. The appellant did not deny this portion of Hamp Collett's testimony. In our opinion this evidence is sufficient to show that the appellant had notice of the partition agreement as well as the fact that J. C. Collett never claimed anything more in the South place other than a life estate, and for this reason the appellant's first point of error is overruled.

In her second and third points of error the appellant asserts that the appellees, because of their silence, acquiescence, and consent to appellant's ownership of the land, are estopped to claim the property under the parol partition agreement alleged by them; and that the trial court erred in not submitting to the jury the appellant's requested issues covering her defense of estoppel.

■ "The basis of estoppel is deception. There can be no estoppel in pais in the

absence of deception. There can be no deception when the party pleading the estoppel had full knowledge of the truth of the matter." Shear Co. v. Wilson, Tex. Com.App., 294 S.W. 843; Gourley v. Iverson Tool Co. et al., Tex.Civ.App., 186 S.W. 2d 726, writ ref. w.m.

■ From the record it appears that in April, 1934, several of the appellees held a meeting with the appellant in a lawyer's office at Matador. There was some talk of J. C. Collett filing a divorce suit at that time and the appellees wanted the appellant to deed the 200 acres back to their father. From this evidence the jury found from the special issue submitted that the appellees had knowledge about April, 1934, that the appellant was claiming to own the fee simple title to an undivided 100 acres of land out of the 200 acres in controversy. However, as we have seen, the jury also found that when the appellant on November 6, 1931, bought the property, she was not an innocent purchaser for value. As we view the effect of this jury finding, appellant's theory of estoppel has been determined against her. There is no evidence of deception, an essential in estoppel, on the part of the appellees, and it is evident that whatever improvements appellant may have made on the property she did with full knowledge of her status.

In the next four points of error the appellant contends that she has perfected title to the land under the ten year statute of land limitation, Vernon's Ann.Civ.St. art. 5510, as well as under the three year statute of limitation, Vernon's Ann.Civ.St. art. 5507, and that the life estate, created by the parol partition agreement, as relied upon by appellees, is in violation of Article 1288 and Article 3995, Subdivision 4, Vernon's Revised Civil Statutes.

■ As a general rule limitation does not run against a remainderman during the life of the life tenant. The appellant, however, argues that the general rule is not applicable in this case for the following three reasons:

1. The parol partition agreement attempted to create in J. C. Collett a life estate in his own undivided one-half interest in the south tract, which he had theretofore owned in fee; and since a life estate is one of freehold, it may not be created except by an instrument in writing, otherwise the same would be in violation of Article 1288 and Article 3995, Subdivision 4.

■ The appellant is mistaken in this assertion. "It is well settled that a parol agreement for the partition of lands is valid." Houston v. Sneed, 15 Tex. 307, 309; Glasscock et al. v. Hughes, 55 Tex. 461; Jones v. Texas Co., Tex.Civ.App., 80 S.W.2d 761, writ refused. It has been held, further, that since such an oral agreement is not a conveyance, the parol partition does not come within the purview of the Statute of Frauds. Houston Oil Co. of Texas et al. v. Kirkindall et al., 136 Tex. 103, 145 S. W.2d 1074; Cantrell v. Woods, Tex.Civ. App., 150 S.W.2d 838.

2. As her next exception to the general rule, the appellant points out that the jury found upon sufficient evidence that each of the appellees knew from April, 1934, that she was claiming an undivided 100 acres in fee and that limitation began to run against them from that date.

Since one of the appellees testified that she had never talked with the appellant in her life and did not know the appellant was claiming any hostile or adverse interest in the remaindermen's interest, there is some doubt if the evidence does support the jury's finding that the appellees knew after April, 1934, of the appellant's claim.

■ But be that as it may, J. C. Collett's deed to appellant provided that " * * the part hereby conveyed being all of my interest in and to the * * * 200 acres * * *." Collett's interest, as we have seen by the terms of partition agreement, was no more than his life estate; and, therefore, appellant's claim to any greater estate, other than the life estate held by her husband, could be predicated upon a limitation title by adverse possession and hostile claim. To envoke the Ten Year Statute of Limitation the evidence must show that the appellant visited upon the appellees such visible and notorious acts of ownership, as would give notice that she was holding the undivided 100 acres adversely to the rights of the appellees as remaindermen. A careful search of the record re-

veals that the appellant did nothing more than live on the place with her husband, that she did not renounce her tenancy or notify the appellees of an exclusive, continuous, and hostile claim. The appellant testified that she did not claim any of the appellees' interest in the 200 acres, and there is testimony to show that J. C. Collett never asserted anything more than a life estate. We find no act which would give rise to an issue of adverse and hostile claim, and in our opinion the trial court properly refused to submit to the jury a special issue based on the Ten Year Statute of Limitation.

3. As her last reason why this case does not come under the general rule that limitation does not run against a remainderman during the life of the life tenant, the appellant points out that the reason given by the courts for the application of this rule is that the remainderman has no right to possession and therefore may not maintain a suit for possession adversely withheld from him. Appellant insists that since the Declaratory Judgments Act gave the appellees the right to maintain this suit, limitation began to run April 26, 1943, the date the Act became effective. The limitation statute would not begin to run in the appellant's favor until the life tenant's death. Appellant's point is overruled. Evans et al. v. Graves et al., Tex.Civ.App., 166 S.W.2d 955, writ refused w. m.

The appellant argues in point of error number eight that the evidence fails to support the appellees' allegation that they received a fee simple title to the land, subject to J. C. Collett's life estate. It is true that there is no jury finding to the effect that Collett, under the partition agreement, was to receive a life estate in the lands. However, the trial court, as a matter of law, did find that the appellant had an estate in the 200 acres which would be terminated upon J. C. Collett's death. There is an abundance of testimony to show that it was intended by all the children and their father that as a result of the partition agreement J. C. Collett was to have a life estate, and there is no tes-

timony which denies such an understanding; therefore, there was no issue to submit to the jury, and thus it is to be taken as a matter of law that Collett was to have a life estate. Cochran v. Wool Growers Central Storage Co., 140 Tex. 184, 166 S. W.2d 904, and the cases there cited.

In her ninth point of error the appellant points out that she paid the taxes on the land and constructed thereon a house at a cost of $2,000. She contends that as a matter of law she should recover for lien debts paid as well as for the improvements she placed upon the property. One holding a life estate is expected under the law to pay the taxes, and one holding a life estate improves such property at his peril. The appellees are not responsible or liable for this expense. The record shows that at the time of the partition agreement it was understood that J. C. Collett would pay the taxes as well as the interest on the purchase debt as that interest accrued. Richardson et al. v. McCloskey et al., Tex. Com.App., 276 S.W. 680.

In her last two points of error the appellant complains of appellees' final argument to the jury. In referring to the alleged parol partition agreement, appellees' attorney stated that the reason he hadn't offered J. C. Collett's testimony concerning the agreement was because it was objected to as inadmissible by appellant. In their brief appellees contend this argument was in answer to appellant's statement that the burden of proof was upon them, and since the children had testified, there could be no testimony from any other source other than their father. Appellant did not object to this argument at the time it was made and did not present her bill of exception for several weeks. Appellant should have objected to this argument at the time it was made. Having failed to do so, the error, if any, is waived. Ramirez v. Acker et al., 134 Tex. 647, 138 S.W.2d 1054.

We have carefully examined the record in this case. Finding no error, all of the appellant's points of error are overruled, and we affirm the judgment of the court below.